UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>POINT FINANCIAL, INC.,<br><br>        Defendant. | Case No. 5:25-cv-04033-BLF<br><br>**ORDER DENYING GOOGLE LLC'S MOTION TO ENLARGE DEADLINES FOR DISCOVERY AND ADDITIONAL PRELIMINARY INJUNCTION BRIEFING, CONTINUE PRELIMINARY INJUNCTION HEARING DATE, AND EXTEND TEMPORARY RESTRAINING ORDER**<br><br>[Re: Dkt. No. 45] |

Before the Court is Plaintiff Google LLC's ("Google") Emergency Motion to Enlarge Deadlines for Discovery and Additional Preliminary Injunction Briefing, Continue Preliminary Injunction Hearing Date, and Extend Temporary Restraining Order. Dkt. No. 45 ("Mot."). Defendant Point Financial, Inc. ("PFI") filed a response to the motion. Dkt. No. 57 ("Resp.").

For the following reasons, the Court DENIES Google's motion.

**I.     BACKGROUND**

Google initiated this action on May 8, 2025, simultaneously filing its Complaint, Dkt. No. 1 ("Compl."), and Motion for a Temporary Restraining Order and Preliminary Injunction, Dkt. No. 3 ("TRO Mot."). Pursuant to the Court's Order Setting Briefing Schedule and Hearing on Motion for Temporary Restraining Order and Preliminary Injunction, Dkt. No. 11, PFI filed a brief in opposition to Google's Motion for a Temporary Restraining Order and Preliminary Injunction, Dkt. No. 30, and Google filed a reply in support of its motion, Dkt. No. 32. The Court held a hearing on May 19, 2025, *see* Dkt. No. 35, at which it orally issued a temporary restraining order that was later memorialized in writing, *see* Dkt. No. 39 ("TRO Order"). The Court also set a

1   preliminary injunction hearing for July 10, 2025, for which briefing would close on June 26, 2025.
2   *Id.* at 13–14.  Since the hearing on Google's TRO, the Parties have been engaged in expedited
3   discovery, including both written discovery and depositions.  *See* Declaration of Morgan S. Birch
4   in Support of Google LLC's Emergency Motion to Enlarge Deadlines for Discovery and
5   Additional Preliminary Injunction Briefing, Continue Preliminary Injunction Hearing Date, and
6   Extend Temporary Restraining Order ("Birch Decl.") ¶¶ 9–18, 22–25.  Google now asserts that the
7   "time allotted for expedited discovery is insufficient" and moves to extend the preliminary
8   injunction hearing date and associated briefing and discovery deadlines.  *See* Mot. at 1; Birch
9   Decl. ¶¶ 4–5.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time" based on a motion made "before the original time or its extension expires."  Fed. R. Civ. P. 6(b)(1)(A).  District courts often grant such requests in the absence of bad faith or prejudice to the adverse party, but the rule is discretionary; the Rule "provides that the court *may* grant the motion for good cause, not that it must do so."  *Tindall v. First Solar Inc.*, 892 F.3d 1043, 1048 (9th Cir. 2018) (emphasis in original) (citing *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)).  "'Good cause' is a non-rigorous standard that has been construed broadly."  *Ahanchian*, 624 F.3d at 1259.

## III. DISCUSSION

Google argues that there is good cause to enlarge the time for discovery and to extend the preliminary injunction hearing date and briefing deadlines, because "Google requires additional time to identify, collect, review, and produce documents responsive to PFI's discovery requests."  Mot. at 4.  In addition, Google says that it "requires additional time to review and analyze the contents of [a] hard drive recently produced by PFI," and that both Parties "require additional time to take depositions relevant to the preliminary injunction briefing and hearing."  *Id.*  Accordingly, Google requests a thirty-day extension of time to conduct discovery and to file supplemental briefs related to the preliminary injunction.  *Id.*  Google also asks the Court to reschedule the preliminary injunction hearing to a date after August 7, 2025.  *Id.*  At the same time, Google asks for the TRO

1  to be extended until the new preliminary injunction hearing date, arguing that "[c]ourts routinely
2  extend TROs in advance of preliminary injunction hearings to enable the parties to conduct
3  relevant discovery and to submit full and complete briefing on the preliminary injunction papers."
4  *Id.* at 4–5 (citing *Eurofins Elec. & Elec. Testing NA, LLC v. SGS N. Am. Inc.*, No. 5:24-cv-06340,
5  2024 WL 4453315, at *3 (N.D. Cal. Oct. 8, 2024), and *Salazar-Leyva v. Sessions*, No. 17-cv-
6  04213, 2017 WL 3232519, at *3 n.3 (N.D. Cal. July 28, 2017)).  Google states that "[t]he same
7  factual record that previously justified issuance of the TRO justifies extending it." *Id.* at 5.

8        PFI filed a response to Google's administrative motion.  Dkt. No. 57.  Therein, PFI "agrees
9  to moving the Order to Show Cause hearing as to the TRO enjoining PFI from taking further
10 possession of certain products which Google alleges contain trade secrets and from disclosing,
11 selling or licensing the products to third parties," because that portion of the TRO is "fact-
12 intensive and will require substantially more discovery."  Resp. at 4.  However, "PFI opposes
13 moving the Order to Show Cause hearing as to the TRO enjoining PFI from contacting the
14 Vendors and taking any action intended to or having the effect of interfering with Google's
15 licenses and access rights to certain IP" for three reasons: First, that portion of the TRO "enables
16 Google to utilize CNEX intellectual property without compensation; second, "minimal discovery
17 is needed to fully brief that issue;" and third, "Google should not be granted a delay that was
18 caused by Google's refusal to cooperate."  *Id.*  PFI also purports to "cross move[] for the Court to
19 (1) compel Google to comply with the Court's previous order that it post security; (2) set specific
20 expedited discovery deadlines; and (3) compel Google's responses to discovery." *Id.*

21       As a preliminary matter, PFI's opposition brief fails to comply with the Civil Local Rules,
22 because it exceeds the allowed page limits.  *See* Civ. L.R. 6-3(b).  Accordingly, the Court will
23 consider only the first five pages of argument and STRIKES pages 9 through 15 of the brief.

24       Although it disregards the majority of PFI's brief, the Court still concludes that Google has
25 failed to show good cause for its requested extension.  Google insisted at the TRO hearing that it
26 sought a rapid resolution to this dispute, yet it appears that Google has engaged in various efforts
27 to stonewall PFI during the Parties' expedited discovery.  *See* Resp. at 5; Declaration of Maria
28 Crimi Speth in Support of Point Financial, Inc.'s Response to Google, LLC's Emergency Motion

1  and Emergency Cross Motion to Compel ("Speth Decl.") ¶¶ 2–13.  Google was aware, given the
2  preliminary injunction hearing date that it accepted at the TRO hearing, that discovery would need
3  to happen extremely quickly, yet it does not appear to have acted with appropriate haste in the
4  days following that hearing.  *See, e.g.*, Speth Decl. ¶ 10 (noting that as of June 4, 2025, Google's
5  counsel had not assessed the relevant Google witnesses' availability for depositions); *id.* ¶ 13
6  (noting that Google did not produce written discovery responses until June 4, 2025, despite
7  agreeing with PFI to a May 30, 2025 deadline, and that Google had not produced any documents
8  as of June 9, 2025).  The Court agrees with PFI that Google cannot profit from discovery delays of
9  its own making.  *See* Resp. at 6–7.

Regarding the various requests posed in PFI's opposition brief: First, the Court declines to bifurcate the order to show cause hearing.  *See* Resp. at 4, 8.  The Court issued one Temporary Restraining Order and will consider whether to issue a preliminary injunction as to some or all of the conduct enjoined in that TRO at a single preliminary injunction hearing.  Second, all discovery disputes in this matter are referred to the Magistrate Judge assigned to discovery, so PFI's discovery-related requests should be posed to Judge Nathanael M. Cousins.  Third, any request for affirmative relief must be asserted through an appropriate motion, so the Court will not consider or rule upon a purported "cross motion" included in a brief in opposition to another Party's administrative motion.  However, upon an appropriate motion, the Court will entertain a request to dissolve a TRO if bond is not posted immediately.

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Google LLC's Emergency Motion to Enlarge Deadlines for Discovery and Additional Preliminary Injunction Briefing, Continue Preliminary Injunction Hearing Date, and Extend Temporary Restraining Order (Dkt. No. 45) is DENIED.

**IT IS SO ORDERED.**

Dated:  June 10, 2025

_____
BETH LABSON FREEMAN
United States District Judge