# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff,<br><br>v.<br><br>POINT FINANCIAL, INC.,<br><br>    Defendant. | Case No.  5:25-cv-04033-BLF<br><br>**ORDER REGARDING GOOGLE LLC'S AND POINT FINANCIAL, INC.'S ADMINISTRATIVE MOTIONS TO SEAL**<br><br>[Re: Dkt. Nos. 82, 100] |

Before the Court are Point Financial, Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, Dkt. No. 82, and Google LLC's Administrative Motion to File Under Seal, Dkt. No. 100.  For the reasons described below, the Court DENIES AS MOOT the administrative motion at Dkt. No. 82 and GRANTS the administrative motion at Dkt. No. 100.

## I.    LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–80.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II.  DISCUSSION

### A. Dkt. No. 82

After Defendant Point Financial, Inc. ("PFI") refiled certain of the exhibits accompanying PFI's Response to Application for Order to Show Cause with corrected exhibit numbers, PFI filed this Administrative Motion to Consider Whether Point Financial, Inc.'s Corrected Exhibits E-N to Its Response to Application for Order to Show Cause Should Be Sealed Pursuant to Google, LLC's Designations and Court Order to request that the Court "consider whether PFI's corrected Exhibits E–N to PFI's Response to Google LLC's Application for Order to Show Cause" should be sealed. Dkt. No. 82 at 2. Google filed a statement in response to the administrative motion, noting that the Court's July 21, 2025 Order regarding certain of Google's and PFI's administrative motions to seal "makes clear that the Court was aware of the errors" in the original exhibits and

2

accompanying sealing motion. Dkt. No. 92 at 2. Rather than filing a statement in support of sealing, Google requests an order denying PFI's administrative motion at Dkt. No. 82 as moot.

As Google's response indicates, the materials identified in the administrative motion at Dkt. No. 82 are addressed in the Court's July 21, 2025 Order Regarding Administrative Motions to Seal and in the following Order regarding the administrative motion at Dkt. No. 100. Therefore, the Court DENIES AS MOOT PFI's separate administrative motion to consider whether another party's materials should be sealed filed at Dkt. No. 82.

**B. Dkt. No. 100**

Google files this Motion for Administrative Relief pursuant to the Court's July 21, 2025 Order Regarding Google LLC's and Point Financial, Inc.'s Administrative Motions to Seal, Dkt. No. 84, which denied without prejudice certain of Google's sealing requests and required Google to file any renewed motion to seal by August 4, 2025. Dkt. No. 100 at 2. In this renewed motion to seal, Google argues that the information for which sealing was denied in the Court's July 21 Order is sealable because it consists of:

> (1) valuable scientific, technical, and engineering information pertaining to the plans to develop, design, and manufacture a product that is the subject of confidential agreements between Google and third parties; (2) provisions of confidential agreements between Google and third parties pertaining to the plans to develop, design, and manufacture a product that contains Google's scientific, technical, and engineering information not known or readily ascertainable by the general public and which scientific, technical, and engineering information is maintained by Google as confidential in the ordinary course of its business; and (3) non-public information regarding Google's confidential agreements with third parties pertaining to the plans to develop, design, and manufacture a product that contains Google's scientific, technical, and engineering information not known or readily ascertainable by the general public and which scientific, technical, and engineering information is maintained by Google as confidential in the ordinary course of its business.

*Id.* at 4. Google argues that "[p]reserving the confidentiality and secrecy" of Google's confidential business materials "is critical to preserving Google's competitive position in the market and to preventing misuse" of the materials. *Id.* at 5.

As the sealing request relates to an answer and counterclaim and a motion for a preliminary injunction, which the Court finds are "more than tangentially related to the underlying

3

1  cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*,
2  809 F.3d at 1099–101. The Court finds that compelling reasons exist to seal the materials Google
3  identifies. First, compelling reasons exist to seal trade secrets. *Kamakana*, 447 F.3d at 1179;
4  *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-cv-02436, 2023 WL 7678270, at *2 (N.D. Cal.
5  Nov. 13, 2023). Second, the "compelling reasons" standard is also met for confidential business
6  information that would harm a party's competitive standing if publicly disclosed, including
7  materials discussing "network infrastructure and security systems." *See Music Grp. Macao Com.
8  Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *Jam
9  Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17,
10 2020) (finding compelling reasons for sealing "confidential business and proprietary
11 information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3
12 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm
13 . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or
14 trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable
15 "business information that might harm a litigant's competitive standing"). The Court also finds
16 that the request is narrowly tailored. *See* Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Dkt. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 100-4 | PFI's Answer and Counterclaim | Highlighted portions at 3:8, 11; 4:23-24; 6:10; 17:19, 24; 18:1. | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 100-4 | Exhibit A to PFI's Response to Application for Order to Show Cause | Highlighted portions. | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 100-4 | Exhibit E to PFI's Response to Application for Order to Show Cause | Highlighted portions at 3:16, 18, 20, 22; 4:4, 6, 8, 9, 13; 5:12; 7:1-2; 9:12, 21; 10:14; 11:2-3, 6, 9, 23-24; 12:6-7, 10, 13, 18; 13:4, 12-13, 18, 23; 14:5; 15:5-6; | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |

4

| | | | 16:3, 9; 17:1-2, 6, , 8-10, 12, 14-25; 18:1, 6-20, 22, 24-25. | |
|---|---|---|---|---|
| | 100-4 | Exhibit F to PFI's Response to Application for Order to Show Cause | Highlighted portions. | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| | 100-4 | Exhibit G to PFI's Response to Application for Order to Show Cause | Highlighted portions at 6:2, 4, 6, 8, 18, 21, 24; 7:4, 8, 14; 8:6-7, 20, 23; 9:13; 10:1-8, 10. | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| | 100-4 | Exhibit H to PFI's Response to Application for Order to Show Cause | Highlighted portions at 2:12; 5:6, 8; 6:9, 14; 8:12; 10:4, 7; 11:8, 14-15, 25; 12:5-6, 12; 13:12; 14:11-13, 24-25; 15:8, 13-15, 17, 22; 16:2, 5, 7; 17:8, 13, 17, 19; 18:1, 4; 19:2-3, 21; 21:17; 22:1-2, 4; 23:3; 27:10; 29:3-5, 8, 12-15, 18-19; 30:16; 31:4; 32:4, 11; 34:6, 9, 23-24; 35:2, 7, 10, 18-19, 24; 36:10, 19-20, 22-23; 37:8-10, 19; 38:4, 8; 39:9, 12, 20-22, 24-25; 40:1, 4, 9, 15-19; 41:9-10, 12, 14-15, 18-20, 24; 42:1-2, 4, 8-9, 11, 14-15, 20, 22, 25; 43:9, 17, 24; 44:3, 6, 8, 13-27, 20-21, 23; 45:2, 8-10, 19-21, 23-25; 46:1, 3-4, 12-13, 16, 22; 47:11, 13, 15-16, 19; 48:7-8, 21-22; 49:8-9, 13, 18-20; 50:5-6, 8-9, 12, 22; 51:4, 8-9, 20-23; 52:7, 11-13, 15-19; 53:4-5; 54:3, 16, 20-21; 55:5-6. | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |

5

| 100-4 | Exhibit I to PFI's Response to Application for Order to Show Cause | Highlighted portions at 3:23; 7:8-11; 9:3-5, 7-8, 10, 16; 11:2, 5; 12: 22; 13:3-5; 16:4, 7-8, 11, 15, 20, 25; 17:1, 14-15, 18, 23; 18:9, 12, 15-16, 19, 22; 19:2-3; 20:10, 19-20. | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
|---|---|---|---|
| 100-4 | Exhibit J to PFI's Response to Application for Order to Show Cause | Highlighted portions at 7:4; 8:25; 9:1, 4; 10:15-17, 23; 11:4-7, 19, 22; 12:7, 18, 20; 13:2-3, 12-14; 14:1-2, 5, 11-13, 23-25; 15:3, 6-8; 16:5, 11-12, 16, 20, 22; 17:1, 4, 20; 18:1, 5, 22, 25; 19:1, 21, 25; 21:1-2. | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 100-4 | Exhibit M to PFI's Response to Application for Order to Show Cause | Highlighted portions at 3:11-14, 20, 22; 4:4, 9, 11; 5:12-13, 18; 6:2. | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 100-4 | Exhibit N to PFI's Response to Application for Order to Show Cause | Highlighted portions at 3:15-26; 4:1-26; 5:1-21; 6:11-12, 22; 7:2, 19-21, 25-26; 8:3, 11, 14, 23; 9:7. | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 100-4 | Exhibit 1 to Google's Supplemental Reply in Support of its Motion for a Preliminary Injunction | Highlighted portions at 4:7. | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 100-4 | Exhibit 4 to Google's Supplemental Reply in Support of its Motion for a Preliminary Injunction | Highlighted portions at 3:2, 10-11, 25; 4:12, 22; 5:2, 4, 6, 10, 15; 10:9, 19, 23. | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |

6

| | | | |
|---|---|---|---|
| 100-4 | Exhibit 10 to Google's Supplemental Reply in Support of its Motion for a Preliminary Injunction | Highlighted portions at 4:13; 7:2-3, 21; 8:17; 9:1-2, 4; 10:3; 13:1, 4, 9, 15-19; 14:9-10, 12, 14-15, 18-20, 24. | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 100-4 | Exhibit 35 to Google's Supplemental Reply in Support of its Motion for a Preliminary Injunction | Highlighted portions at 2:5, 11-13, 23-25. | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |

### III.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Point Financial, Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, Dkt. No. 82, is DENIED AS MOOT; and

2. Google LLC's Administrative Motion to File Under Seal, Dkt. No. 100, is GRANTED.

**IT IS SO ORDERED.**

Dated:  August 18, 2025

_____
BETH LABSON FREEMAN
United States District Judge