# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE LLC,<br>          Plaintiff,<br>v.<br>POINT FINANCIAL, INC.,<br>          Defendant. | Case No.  25-cv-04033-BLF<br><br>**ORDER DENYING GOOGLE LLC'S ADMINISTRATIVE MOTION FOR FURTHER REDACTIONS**<br><br>[Re: ECF No. 106] |

Before the Court is Google LLC's Administrative Motion for Further Redactions. ECF No. 106 ("Mot."). Defendant Point Financial, Inc. submitted a response in opposition. ECF No. 111 ("Opp."). For the reasons that follow, the Court DENIES the Administrative Motion for Further Redactions without prejudice.

## I.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–80.

In addition, in this district, all parties requesting sealing must comply with Civil Local

1 Rule 79-5.  That rule requires, inter alia, the moving party to provide "the reasons for keeping a
2 document under seal, including an explanation of: (i) the legitimate private or public interests that
3 warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
4 alternative to sealing is not sufficient."  Civ. L.R. 79-5(c)(1).  Civil Local Rule 79-5 requires the
5 moving party to provide "evidentiary support from declarations where necessary."  Civ. L.R. 79-
6 5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable material."
7 Civ. L.R. 79-5(c)(3).

**II.   DISCUSSION**

Google LLC ("Google") files this Administrative Motion to seal portions of the transcript of proceedings that took place before the Court on July 10, 2025 (the "Transcript") (ECF No. 87). Mot. at 2.

Google argues that the information is sealable because it consists of:

> (1) valuable scientific, technical, and engineering information pertaining to the plans to develop, design, and manufacture a product that is the subject of confidential agreements between Google and third parties; (2) provisions of confidential agreements between Google and third parties pertaining to the plans to develop, design, and manufacture a product that contains Google's scientific, technical, and engineering information not known or readily ascertainable by the general public and which scientific, technical, and engineering information is maintained by Google as confidential in the ordinary course of its business; and (3) non-public information regarding Google's confidential agreements with third parties pertaining to the plans to develop, design, and manufacture a product that contains Google's scientific, technical, and engineering information not known or readily ascertainable by the general public and which scientific, technical, and engineering information is maintained by Google as confidential in the ordinary course of its business.

*Id.* at 3.  Google argues that "[p]reserving the confidentiality and secrecy" of Google's confidential business materials "is critical to preserving Google's competitive position in the market and to preventing misuse" of the materials.  *Id.* at 4.  Google further notes that the materials it seeks to redact have all been sealed previously by the Court.  *Id.* at 2.

In opposition, Point Financial, Inc. ("PFI") argues that Google's requested redactions are "overbroad, beyond the scope of this Court's prior grants for redactions, and seek to seal innocuous terms that do not disclose any sort of sensitive or confidential information to the

1    public." Opp. at 3. PFI further argues that although the Court has granted redactions to some of
2    the terms when they were "presented in direct quotations from the confidential agreements and
3    materials," Google now "attempts to stretch this Court's narrow grants of redaction to cover any
4    reference of the subject terms in the transcript, no matter how unrelated or harmless." *Id.* at 4.

5    As the sealing request relates to a transcript of a hearing regarding a motion for a
6    preliminary injunction, which the Court finds is "more than tangentially related to the underlying
7    cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*,
8    809 F.3d at 1099–101.

9    Even if the Court were to find that compelling reasons exist to seal some of the materials
10   that Google identifies, the Court finds that the request is not narrowly tailored. *See* Civ. L.R. 79-
11   5(c)(3). Indeed, many of Google's requested redactions are terms that the Court finds no reason to
12   seal. *See, e.g.*, ECF No. 87, 32:17.

13   The Court's ruling is summarized below:

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 87 | Transcript of Proceedings held on July 10, 2025 | Highlighted portions at 5:5-6, 22-25; 6:8-9, 12, 14, 16, 18-22; 7:7, 13-15, 17, 21, 23-25; 8:2-3, 6, 11-14, 19-20, 23-24; 9:14-15; 13:17-18, 21-23, 25; 14:2, 8, 10-11, 17; 15:2-4; 16:12-13, 18-24; 25:3, 24-25; 26:1; 27:5, 14, 17-18; 28:12-13, 18; 30:13, 25; 31:1, 5-6, 11-12, 20; 32:8, 12, 17; 34:5-6; 35:2-3, 5, 8-9; 36:3-4, 11, 13, 15-16, 18-19, 21; 37:23, 25; 38:1-4, 14, 16-21; 39:10, 13-14, 20; 40:13, 24-25; 41:1-2; 42:13; 45:14; 46:12, 14, 25; 47:1, 23-24; 49:1; 53:7; 56:25; 57:1, 12-13; 58:15, 18-21; 60:2-3, 9-11, 13-14; 61:3-4, 8-11, 14-16, 21-22; 62:2-4, 6-10, 16, 21-22, 24-25; 63:1, 6; 64:5, 11; 66:5, 7, 10, 21, 23; 68:4; | DENIED as overbroad. |

United States District Court
Northern District of California

| | | 69:1, 4-5, 16; 70:15, 18-19, 22-24; 71:12, 23-25; 72:1, 18, 20; 75:17; 76:11; 78:14-15; 79:19; 81:2, 12; 85:20-25; 86:1, 5-6, 15-16, 19, 24; 87:4-7; 11, 15-16, 24; 88:3, 5, 21; 89:16-17; 90:3-4, 7-8; 95:1, 10. | |

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Google LLC's Administrative Motion for Further Redactions, ECF No. 106, is DENIED without prejudice. Any refiled administrative motion or declaration SHALL be filed no later than **September 29, 2025**. If no administrative motions or declarations are filed by September 29, 2025, the Court will direct the Clerk of the Court to file a transcript on the public docket without the requested redactions.

**IT IS SO ORDERED.**

Dated: September 17, 2025

_____
BETH LABSON FREEMAN
United States District Judge