1

2

3              UNITED STATES DISTRICT COURT

4            NORTHERN DISTRICT OF CALIFORNIA

5                    SAN JOSE DIVISION

6

7     GOOGLE LLC,                           Case No.  25-cv-04033-BLF

8                    Plaintiff,

9          v.                              **ORDER GRANTING GOOGLE LLC'S
                                           RENEWED MOTION FOR FURTHER
10    POINT FINANCIAL, INC.,                REDACTIONS**

11                   Defendant.            [Re:  ECF No. 119]

12

13        Before the Court is Google LLC's renewed Administrative Motion for Further Redactions.

14   ECF No. 119 ("Mot.").  Defendant Point Financial, Inc. submitted a response in opposition.  ECF

15   No. 122 ("Opp.").  For the reasons that follow, the Court GRANTS the renewed Administrative

16   Motion for Further Redactions.

17   **I.    LEGAL STANDARD**

18        "Historically, courts have recognized a 'general right to inspect and copy public records

19   and documents, including judicial records and documents.'"  *Kamakana v. City & Cnty. of

20   Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

21   U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong

22   presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto.

23   Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to

24   motions that are "more than tangentially related to the underlying cause of action" bear the burden

25   of overcoming the presumption with "compelling reasons" that outweigh the general history of

26   access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d

27   1092, 1099–101 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–80.

28        In addition, in this district, all parties requesting sealing must comply with Civil Local

United States District Court
Northern District of California

Rule 79-5. That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1). Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civil L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3).

## II.    DISCUSSION

Google LLC ("Google") files this renewed Administrative Motion to seal portions of the transcript of proceedings that took place before the Court on July 10, 2025 (the "Transcript") (ECF No. 87). Mot. at 2. The Court denied Google's first motion to seal portions of the transcript because Google's request was not narrowly tailored. ECF No. 118 at 3.

Google now separates its sealing requests into three categories. The first "relates to specific terms or phrases pertaining to Google's confidential and proprietary technology." Mot. at 3. Google argues the disclosure of this information would reveal Google's confidential technology and in turn "weaken the competitive advantage Google maintains in the marketplace." *Id.* The second category of requests is comprised of "direct quotes from or restatements of the provisions of the Master Purchase Agreement and the Statements of Work." *Id.* Google argues that the disclosure of this information would expose Google's "strategic decision-making with respect to the terms offered to its contracting partners" and harm its competitive advantage in the marketplace. *Id.* The third category of information is the names of "current or former employees" of vendors with which Google has confidential agreements. *Id.* Google asserts that revealing these names would reveal the identity of Google's vendors. *Id.* at 3–4.

In opposition, Point Financial, Inc. ("PFI") argues that Google's renewed motion "is substantively no different to its first and fails to narrowly tailor its overbroad and unnecessary requests for redactions." Opp. at 2. PFI asserts that Google still "seeks to seal innocuous and harmless language." *Id.*

As the sealing request relates to a transcript of a hearing regarding a motion for a

United States District Court
Northern District of California

United States District Court
Northern District of California

1 preliminary injunction, which the Court finds is "more than tangentially related to the underlying

2 cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*,

3 809 F.3d at 1099–101. The Court finds that compelling reasons exist to seal the materials Google

4 identifies. First, compelling reasons exist to seal trade secrets. *Kamakana*, 447 F.3d at 1179;

5 *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-cv-02436, 2023 WL 7678270, at *2 (N.D. Cal.

6 Nov. 13, 2023). Second, the "compelling reasons" standard is met for confidential business

7 information that would harm a party's competitive standing if publicly disclosed. *See Music Grp.*

8 *Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *6 (N.D. Cal. June

9 30, 2015); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D.

10 Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary

11 information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3

12 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm

13 . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or

14 trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable

15 "business information that might harm a litigant's competitive standing"). The Court also finds

16 that the request is narrowly tailored. *See* Civil L.R. 79-5(c)(3).

17

18

19

20

21

22

23

24

25

26

27

28

The Court's ruling is summarized below:

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 87 | Transcript of Proceedings held on July 10, 2025 | Highlighted portions at 5:22-25; 7:13-15, 17, 21, 23-24; 8:12-14, 23-24; 13:25; 14:1, 7, 10-11, 16-17; 15:2-4; 25:25; 26:1; 27:14, 17-18; 31:11-12; 32:12, 17; 33:8; 36:15-16; 38:2-4, 16-18, 21; 40:24-25; 41:1-2; 42:13; 45:14; 46:12, 14; 49:1; 53:7; 60:9-11, 13-14; 61:3, 8-11, 13-16; 62:2-4, 6-10, 24-25; 66:5, 7, 10, 21, 23; 68:4; 69:1; 70:18-19; 75:17; 81:12; 85:20-25; 86:1, 5-6; 87:4-7; 15-16; 90:3-4, 7-8. | GRANTED as containing confidential business information, the release of which could cause Google harm. |

## III.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Google LLC's renewed Administrative Motion for Further Redactions, ECF No. 119, is GRANTED.

Dated:  October 7, 2025

BETH LABSON FREEMAN
United States District Judge