UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>POINT FINANCIAL, INC.,<br><br>　　　　　Defendant. | Case No.  25-cv-04033-BLF<br><br>**ORDER REGARDING GOOGLE LLC'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>[Re: ECF Nos. 134, 137] |

Before the Court are two administrative motions:

1. Google LLC's Administrative Motion to File Under Seal.  ECF No. 134.
2. Google LLC's Administrative Motion to File Under Seal.  ECF No. 137 ("Mot.").

Defendant Point Financial, Inc. does not oppose either motion.  For the reasons that follow, the Court GRANTS ECF No. 137, and TERMINATES ECF No. 134 AS MOOT.

**I.　LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–80.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1). Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civil L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3).

## II. ECF NO. 137

Google LLC ("Google") has filed an Administrative Motion to seal portions of its Response to Point Financial Inc.'s ("PFI") Motion to Amend Counterclaim (ECF No. 136). Mot. at 1–2. Google argues that the material it seeks to seal would "cause substantial harm to Google" if publicly disclosed. *Id.* at 2. Google further notes that the Court has, in prior orders, already permitted Google to file this information under seal. *Id.*

Google separates its sealing requests into two categories. The first is a term that pertains to the "confidential and proprietary technology at issue in this litigation." Mot. at 3. Google contends the disclosure of this information would reveal Google's confidential technology and in turn "weaken the competitive advantage Google maintains in the marketplace." *Id.*

The second category of requests consists of "direct quotes from the Master Purchase Agreement and Amendment 2 to the Statement of Work," which are "marked confidential" and "maintained confidential" in the "ordinary course of business." *Id.* Google argues that the disclosure of this information would expose Google's "strategic decision-making with respect to the terms offered to its contracting partners" and, in turn, harm its competitive advantage. *Id.*

As the sealing request relates to an opposition to a motion to amend, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101. The Court finds that compelling reasons exist to seal the materials Google identifies. First, compelling reasons exist to seal trade secrets. *Kamakana*, 447 F.3d at 1179; *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-

1  cv-02436, 2023 WL 7678270, at *2 (N.D. Cal. Nov. 13, 2023).  Second, the "compelling reasons"
2  standard is met for confidential business information that would harm a party's competitive
3  standing if publicly disclosed.  *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-
4  03078, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *Jam Cellars, Inc. v. Wine Grp. LLC*,
5  No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling
6  reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n*
7  *v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding
8  compelling reasons for "information that, if published, may harm . . . competitive standing and
9  divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts,*
10 *Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might
11 harm a litigant's competitive standing").  The Court also finds that the request is narrowly tailored.
12 *See* Civil L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Public ECF. No. / Sealed ECF. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 136 / ECF No. 137–3 | Google LLC's Response in Opposition to PFI's Motion To Amend Counterclaim | Highlighted portions at 2:10, 15, 18-21; 3:8, 10; 9:19-20; 10:5. | GRANTED as containing confidential business information, the release of which could cause Google harm. |

**III.  ECF NO. 134**

Google filed an Administrative Motion to seal portions of its initial Response to Point Financial Inc.'s ("PFI") Motion to Amend Counterclaim (ECF No. 133).  *See* ECF No. 134.  However, the Court struck ECF No. 133 because it was not in compliance with this Court's standing orders.  ECF No. 135.  Because the underlying document Google sought to seal has been stricken from the docket, the Court TERMINATES ECF No. 134 AS MOOT.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Google's Administrative Motion to File Under Seal, ECF No. 134, is TERMINATED AS MOOT.
2. Google's Administrative Motion to File Under Seal, ECF No. 137, is GRANTED.

Dated: December 1, 2025

_____
BETH LABSON FREEMAN
United States District Judge