UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>        Plaintiff,<br><br>v.<br><br>POINT FINANCIAL, INC.,<br><br>        Defendant. | Case No.  25-cv-04033-BLF<br><br>**ORDER GRANTING GOOGLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF No. 142] |

Before the Court is Google LLC's Administrative Motion to File Under Seal. ECF No. 142 ("Mot."). Defendant Point Financial, Inc. opposes. ECF No. 147 ("Opp."). For the reasons that follow, the Court GRANTS the motion.

## I.  LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–80.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a

1  document under seal, including an explanation of: (i) the legitimate private or public interests that
2  warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
3  alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1). Civil Local Rule 79-5 requires the
4  moving party to provide "evidentiary support from declarations where necessary." Civil L.R. 79-
5  5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material."
6  Civil L.R. 79-5(c)(3).

## II. DISCUSSION

Google LLC ("Google") seeks to seal portions of its Emergency Motion to Enforce the Preliminary Injunction and for Contempt Sanctions Against Point Financial, Inc. ("PFI") and portions of certain exhibits thereto. Mot. at 2.

Google separates its sealing requests into three categories. The first category is comprised of "a single term that pertains to Google's confidential and proprietary technology at issue in this litigation." Mot. at 3. Google argues the disclosure of this information would reveal Google's confidential technology and in turn "weaken the competitive advantage Google maintains in the marketplace." *Id.*

The second category of requests consists of "direct quotes from the Master Purchase Agreement and Amendment 2 to the Statement of Work." *Id.* Google argues that the disclosure of this information would expose Google's "strategic decision-making with respect to the terms offered to its contracting partners" and harm its competitive advantage in the marketplace. *Id.*

The third category of requests is the "identities of the Vendors that manufacture, test, and assemble the chip at issue in this litigation," and with which Google has confidential agreements. *Id.* Google asserts that revealing these identities would give its competitors and potential partners "unfair leverage." *Id.*

PFI opposes Google's sealing motion only with respect to the first two categories. As to the first category, the single term pertaining to the at-issue technology, PFI argues that absent "underlying specific details of the components and manufacture of these integrated chips, the single term description conveys no greater sensitive information." Opp. at 2. As to the second category, namely quotations from contracts, PFI contends that Google's request is overbroad and

2

1 is not comprised of sufficiently sensitive business information to justify sealing. *Id.* at 3.

2  As the sealing request relates to the Emergency Motion to Enforce the Preliminary Injunction and for Contempt Sanctions, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101. The Court finds that compelling reasons exist to seal the materials Google identifies. First, compelling reasons exist to seal trade secrets. *Kamakana*, 447 F.3d at 1179; *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-cv-02436, 2023 WL 7678270, at *2 (N.D. Cal. Nov. 13, 2023). Second, the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing if publicly disclosed. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). The Court also finds that the request is narrowly tailored. *See* Civil L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Public ECF No. / Sealed ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 141 / ECF No. 142-4 | Google LLC's Emergency Motion to Enforce the Preliminary Injunction and for Contempt Sanctions against Point Financial, Inc. ("Emergency Motion") | Highlighted portions at 1:11-12; 2:6, 9, 19, 25; 3:13-14, 19-20, 22, 24; 5:12, 22, 27; 6:1, 4, 11, 13-14, 18-19; 7:25; 8:1-2, 4, 20, 24, 28; 9:1, 3, 5. | GRANTED as containing confidential business information, the release of which could cause Google harm. |
| ECF No. 141-3 / ECF No. 142-5 | Exhibit A to the Emergency Motion | Highlighted portions at 6:4-5, 17, 28; 13:27; 18:8-9, 22, 27; 65:6, 8-10; 85:20, 24; 86:2, 3; 90:2-3 | GRANTED as containing confidential business information, the release of which could cause Google harm. |
| ECF No. 141-6 / ECF No. 142-6 | Exhibit D to the Emergency Motion | Highlighted portions at 1:10, 22-23, 26, 28; 2:33; 3:1, 31; 4:5-6, 10, 19. | GRANTED as containing confidential business information, the release of which could cause Google harm. |

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Google LLC's Administrative Motion to File Under Seal, ECF No. 142, is GRANTED.

Dated: January 12, 2026

_____
BETH LABSON FREEMAN
United States District Judge

4