**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

|  |  |
|---|---|
| GOOGLE LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>POINT FINANCIAL, INC.,<br><br>                    Defendant. | Case No.  25-cv-04033-BLF<br><br>**ORDER REGARDING ADMINISTRATIVE SEALING MOTIONS**<br><br>[Re:  ECF Nos. 165, 167, 169] |

Before the Court are three administrative motions:

(1) Point Financial, Inc.'s ("PFI") Administrative Motion to Consider Whether Exhibit D to PFI's Response to Google LLC's ("Google") Motion for Sanctions Should be Sealed.  ECF No. 165.

(2) PFI's Administrative Motion to Consider Whether Exhibit 1 to PFI's Motion for Leave to File Surreply to Google's Motion to Enforce Should be Sealed.  ECF No. 167.

(3) Google LLC's Administrative Motion to Consider Whether PFI's Material Should be Sealed.  ECF No. 169.

For the reasons that follow, the administrative motion at ECF No. 165 is GRANTED as narrowed by Google, the administrative motion at ECF No. 167 is GRANTED as narrowed by Google, and the administrative motion at ECF No. 169 is GRANTED to the extent redactions are requested by Google.

## I.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

United States District Court<br>Northern District of California

United States District Court
Northern District of California

U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–80.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5.  That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."  Civil L.R. 79-5(c)(1).  Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary."  Civil L.R. 79-5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable material."  Civil L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed.  Civil L.R. 79-5(f).  In that case, the filing party need not satisfy the requirements of subsection (c)(1).  Civil L.R. 79-5(f)(1).  Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1).  Civil L.R. 79-5(f)(3).  A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party.  *Id.*  Any party can file a response to that declaration within four days.  Civil L.R. 79-5(f)(4).

## II.    ECF NO. 165

PFI has filed an administrative motion to consider whether Exhibit D to PFI's Response to Google's Motion for Sanctions should be sealed.  ECF No. 165.  Google filed a statement in support of sealing, which requests narrower redactions than those identified by PFI.  ECF No. 176.

PFI does not oppose Google's request.

Google separates its sealing requests into three categories. The first category is a term that pertains to the "confidential and proprietary technology at issue in this litigation." *Id.* at 2. Google contends the disclosure of this information would reveal Google's confidential technology and in turn "weaken the competitive advantage Google maintains in the marketplace." *Id.*

The second category of requests consists of "a direct quote from Amendment 2 to the Statement of Work" which is "marked confidential" and "maintained confidential" in the ordinary course of business. *Id.* Google argues that the disclosure of this information would expose Google's "strategic decision-making with respect to the terms offered to its contracting partners" and, in turn, harm its competitive advantage. *Id.*

The third category of information Google seeks to seal is the "identities of the Vendors that manufacture, test, and assemble the chip at issue in this litigation." *Id.* Google argues that the public disclosure of the vendors' identities would give Google's competitors and potential contracting partners unfair leverage. *Id.*

As the sealing request relates to a response to a motion for sanctions, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101. The Court finds that compelling reasons exist to seal the materials Google identifies, because the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing if publicly disclosed. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for sealing "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). The Court also finds that the request is narrowly

United States District Court
Northern District of California

tailored. *See* Civil L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Public ECF. No. / Sealed ECF. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 164-4 / ECF No. 177 | Exhibit D to PFI's Response to Google's Motion for Sanctions | Highlighted portions at 1:13-15; 2:2, 17. | GRANTED as containing confidential business information, the release of which could cause Google harm. |

## III.     ECF NO. 167

PFI has filed an administrative motion to consider whether Exhibit 1 to the proposed Surreply attached to PFI's Motion for Leave to File Surreply to Google's Motion to Enforce the Preliminary Injunction and for Contempt Sanctions should be sealed. ECF No. 167. Google filed a statement in support of sealing, which requests narrower redactions than those identified by PFI. ECF No. 176. PFI does not oppose Google's request.

Google separates its sealing requests into three categories. The first category is a term that pertains to the "confidential and proprietary technology at issue in this litigation." *Id.* at 2. Google contends the disclosure of this information would reveal Google's confidential technology and in turn "weaken the competitive advantage Google maintains in the marketplace." *Id.*

The second category of requests consists of "a direct quote from Amendment 2 to the Statement of Work" which is "marked confidential" and "maintained confidential" in the ordinary course of business. *Id.* Google argues that the disclosure of this information would expose Google's "strategic decision-making with respect to the terms offered to its contracting partners" and, in turn, harm its competitive advantage. *Id.*

The third category of information Google seeks to seal is the "identities of the Vendors that manufacture, test, and assemble the chip at issue in this litigation." *Id.* Google argues that the public disclosure of the vendors' identities would give Google's competitors and potential contracting partners unfair leverage. *Id.*

As the sealing request relates to a motion for leave to file a surreply to Google's motion to

enforce the preliminary injunction and for contempt sanctions, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101. The Court finds that compelling reasons exist to seal the materials Google identifies, because the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing if publicly disclosed. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for sealing "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). The Court also finds that the request is narrowly tailored. *See* Civil L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Public ECF. No. / Sealed ECF. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 166-2 / ECF No. 178 | Exhibit 1 to PFI's Motion for Leave to File Surreply to Google's Motion to Enforce the Preliminary Injunction and for Contempt Sanctions | Highlighted portions at 107:2, 20; 109:19; 110:1, 11, 17; 111:22; 112:11; 114:9, 11, 22; 115:11; 117:24; 119:10, 21, 24; 159:8, 25. | GRANTED as containing confidential business information, the release of which could cause Google harm. |

## IV.    ECF NO. 169

Google has filed an administrative motion to consider whether Exhibit C to its Reply in Support of its Motion to Enforce the Preliminary Injunction and for Contempt Sanctions Against PFI or portions thereof should be sealed. ECF No. 169. Google seeks redactions to the document.

United States District Court
Northern District of California

*Id.* PFI does not request any redactions and does not oppose Google's sealing requests. ECF No. 186.

Google separates its sealing requests into two categories. The first is a single term from Amendment 2 to the Statement of Work, which is "marked confidential" and "maintained confidential" in the ordinary course of business. ECF No. 169 at 3. Google argues that the disclosure of this information would expose Google's "strategic decision-making with respect to the terms offered to its contracting partners" and, in turn, harm its competitive advantage. *Id.* The second category of information Google seeks to seal is the "identity of one of the Vendors that manufacture, test, and assemble the chip at issue in this litigation." *Id.* Google argues that the public disclosure of the identity of this vendor would give Google's competitors and potential contracting partners unfair leverage. *Id.*

As the sealing request relates to Google's reply in support of its motion to enforce the preliminary injunction and for contempt sanctions, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101. The Court finds that compelling reasons exist to seal the materials Google identifies, because the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing if publicly disclosed. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for sealing "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). The Court also finds that the request is narrowly tailored. *See* Civil L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Public ECF. No. / Sealed ECF. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 168 / ECF No. 169-3 | Exhibit C to Google's Reply in Support of Its Emergency Motion to Enforce the Preliminary Injunction and for Contempt Sanctions against PFI | Highlighted portions at 107:2, 20; 109:19; 110:1, 11, 17; 111:22; 112:11; 114:9, 11, 22; 115:11; 117:24; 120:5; 121:22. | GRANTED as containing confidential business information, the release of which could cause Google harm. |
| | | Remainder of the document. | DENIED, because no party requests sealing. |

## V.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) PFI's Administrative Motion, ECF No. 165, is GRANTED as narrowed by Google.

(2) PFI's Administrative Motion, ECF No. 167, is GRANTED as narrowed by Google.

(3) Google's Administrative Motion, ECF No. 169, is GRANTED to the extent redactions are requested by Google.  The motion is otherwise DENIED.

The parties SHALL refile public versions of each filing where the redactions and sealing granted by the Court are narrower than what was redacted in the current public versions on or before **March 11, 2026.**

Dated:  February 25, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

7