United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff,<br>    v.<br><br>POINT FINANCIAL, INC.,<br><br>    Defendant. | Case No.  25-cv-04033-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PFI'S MOTION FOR LEAVE TO AMEND THE COUNTERCLAIM; AND DIRECTING PFI TO FILE AMENDED COUNTERCLAIM BY MARCH 9, 2026**<br><br>[Re:  ECF 123] |

Before the Court is a motion brought by Point Financial, Inc. ("PFI") seeking leave to amend its counterclaim against Google LLC ("Google") pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  *See* PFI's Mot., ECF 123.  The Court heard oral argument on February 19, 2026, and issued its ruling on the record, which is memorialized herein.

For the reasons stated on the record and summarized below, PFI's motion for leave to amend its counterclaim is GRANTED IN PART AND DENIED IN PART.

I.    BACKGROUND[1]

This action arises from a dispute between Google and PFI regarding intellectual property relating to the design and manufacture of certain computer chips for use in Google's servers ("Chips").  *See* Compl. ¶ 9, ECF 1 (redacted); Order Granting in Part and Denying in Part Google LLC's Motion for a Preliminary Injunction ("PI Order") at 2, ECF 109 (redacted).  Google contracted with third party CNEX Labs, Inc. ("CNEX") for development of the Chips, and with third party vendors for manufacture, testing, and assembly of the Chips.  *See* Compl. ¶¶ 9, 17; PI Order at 2-3.  Several years into the project, CNEX ceased operations.  *See* Compl. ¶ 81; PI Order at 3.  Google continued working with its vendors to produce the Chips, taking the position that it

---

[1] A number of documents in this case have been filed under seal or in redacted form.  The Background section is drawn from unsealed materials to avoid the necessity of sealing this order.

United States District Court
Northern District of California

had all necessary license and access rights to do so under the Master Purchase Agreement ("MPA") between Google and CNEX. *See* Compl. ¶ 89; PI Order at 3-4.

PFI appeared on the scene shortly thereafter, asserting a security interest in CNEX's assets pursuant to CNEX's default on a loan, including intellectual property necessary for production of the Chips. *See* Compl. ¶¶ 87-88; PI Order at 4. PFI took the position that its security interest was superior to any rights in the intellectual property claimed by Google under the MPA, and PFI notified Google's vendors that Google did not have the right to manufacture the Chips using the disputed intellectual property. *See* Compl. ¶¶ 90-91; PI Order at 4. PFI also suggested to Google that it might sell CNEX's assets. *See* Compl. ¶ 97; PI Order at 4. According to Google, CNEX's assets incorporate trade secrets owned by Google, and any sale of CNEX's assets would result in the unauthorized disclosure of Google's trade secrets. *See* Compl. ¶ 97; PI Order at 4.

Google filed this suit against PFI on May 5, 2025, asserting claims for: (1) tortious interference with contractual relationships; (2) violations of the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1831 et seq.; and (3) violations of the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426 et seq. *See* Compl. ¶¶ 110-158. Google successfully moved this Court for a preliminary injunction based on its first claim for tortious interference. *See* PI Order at 22-23. The Court enjoined PFI from contacting Google's vendors or other third parties for the purpose of interfering with Google's relationships or with Google's license and access rights to the disputed intellectual property. *See id*. The Court denied Google's motion for a preliminary injunction based on its second and third claims for violations of trade secret laws, however, finding that Google had not identified any Google trade secrets that would be disclosed through PFI's potential sale of CNEX's assets. *See id*. at 16-21.

PFI filed an answer on May 30, 2025, along with a counterclaim asserting claims against Google for: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) unjust enrichment; (4) declaratory judgment – fraudulent transfer; and (5) declaratory judgment – future royalties. *See* Answer and Counterclaim, ECF 43-3 (sealed).[2] PFI now moves

---

[2] The Court granted a motion to seal only limited portions of PFI's answer and counterclaim, *see* Order Regarding Google LLC's and Point Financial, Inc.'s Administrative Motions to Seal, ECF

United States District Court
Northern District of California

for leave to amend its counterclaim to: remove existing claims for breach of contract and breach of the implied covenant of good faith and fair dealing; add new trade secret claims under DTSA and CUTSA; and add a new claim for open account. *See* PFI's Mot. at 2. Google opposes the motion to the extent PFI seeks to add trade secret claims. *See* Google's Opp. at 5-10, ECF 136 (redacted). Google's opposition does not address PFI's proposed withdrawal of its claims for breach of contract and breach of the implied covenant of good faith and fair dealing, or PFI's proposed addition of a claim for open account. *See id*.

## II.    LEGAL STANDARD

PFI's motion is governed by Federal Rule of Civil Procedure 15, because the motion was filed within the 60-day period set by the Court for seeking leave to amend under the liberal standard of Rule 15 rather than the more demanding standard of Rule 16. *See* Case Management Order, ECF 105. Rule 15 provides that a party may amend its pleading before trial with leave of the court, and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

"Although Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when justice so requires, it is not to be granted automatically." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal quotation marks and citation omitted). A court must consider five factors in deciding whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Id.* (internal quotation marks and citation omitted).

## III.    DISCUSSION

As noted above, PFI's motion asks the Court to authorize three changes to its counterclaim. First, PFI wishes to remove its claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Second, PFI seeks leave to add new trade secret claims under DTSA and CUTSA. And third, PFI wishes to add a new claim for open account.

---

110, but the redacted version was never filed on the public docket. This order therefore cites to the sealed version, but it does not reference any material as to which sealing was granted.

The Court first addresses the requested changes related to withdrawal of the contract-related claims and addition of a claim for open account. The Court next takes up the requested addition of new trade secret claims.

### A. Withdrawal of Contract-Related Claims and Addition of Open Account Claim

Google does not oppose PFI's request to withdraw its claims for breach of contract and breach of the implied covenant, or PFI's request to add a claim for open account. None of the relevant factors set forth above weighs against those amendments. There is no suggestion on this record that PFI's motion is brought in bad faith (first factor) or that PFI unduly delayed in bringing its motion (second factor). Google has not argued that permitting PFI to withdraw the contract claims and add a claim for open account would prejudice Google (third factor) or would be futile (fourth factor). PFI has not previously amended its counterclaim (fifth factor).

Accordingly, absent opposition and in light of the liberal standard governing amendment under Rule 15(a), PFI's motion for leave to amend is GRANTED IN PART as to allow withdrawal of the claims for breach of contract and breach of the implied covenant, and addition of a claim for open account.

### B. Requested Addition of Trade Secret Claims

Google does, however, oppose PFI's request to add trade secret claims under DTSA and CUTSA. PFI's proposed trade secret claims are grounded in its asserted security interest in "CNEX's intellectual property, which is comprised of valuable trade secrets both as integrated in the design of the chips and as part of the development of more advanced chips and other potential uses." Proposed Amended Counterclaim ¶ 11, ECF 123-1. PFI seeks to allege in its proposed new trade secret claims that: Google's contractual right to use the CNEX intellectual property is subject to PFI's security interest; PFI has not authorized Google to use the CNEX intellectual property; Google is using the CNEX intellectual property and trade secrets without permission or valid license; and Google's use of the CNEX intellectual property violates DTSA and CUTSA. *See id*. ¶¶ 5-23. Google argues that PFI's proposed claims under DTSA and CUTSA would be futile, both because PFI lacks standing to assert trade secret claims and because the trade secret claims are not alleged with adequate specificity in PFI's proposed amended pleading.

4

The Court is not persuaded by Google's futility argument based on lack of standing. Google argues that only an "owner" of a trade secret has standing to bring a civil action for misappropriation, and that PFI's proposed amended counterclaim does not adequately allege PFI's ownership of the trade secrets allegedly contained in the CNEX intellectual property. While DTSA does authorize suit only by an "owner" of a trade secret, the term "owner" is defined to include a person or entity having legal title, equitable title, or a license in the trade secret. 18 U.S.C. § 1836(b)(1); 18 U.S.C. § 1839(4). "Equitable title is a title that indicates a beneficial interest in property and that gives the holder the right to acquire formal title." *Zabit v. Brandometry, LLC*, 540 F. Supp. 3d 412, 420 (S.D.N.Y. 2021) (internal quotation marks and citation omitted). "The term is commonly used in intellectual property cases to describe expectant interests." *Id*. PFI alleges that it "has the right to possess and sell CNEX's intellectual property," including trade secrets contained therein, pursuant to PFI's security interest in CNEX's assets. Proposed Amended Counterclaim ¶ 11. The Court finds PFI's allegation to be sufficient to assert equitable title to the alleged trade secrets for pleading purposes. CUTSA does not limit standing to bring suit to the owner of the asserted trade secret. *See* Cal. Civ. Code § 3426.3 (authorizing a "complainant" to bring suit for misappropriation of trade secrets).

However, the Court finds Google's futility argument based on PFI's failure to identify its asserted trade secrets to be well taken. To succeed on a trade secret claim under either DTSA or CUTSA, the plaintiff must establish among other things that the plaintiff possessed a trade secret. *See Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc.*, 149 F.4th 1081, 1087 (9th Cir. 2025) (elements of DTSA claim); *Integral Dev. Corp. v. Tolat*, 675 F. App'x 700, 702 (9th Cir. 2017) (elements of CUTSA claim). "To show that information is a trade secret, a plaintiff may not simply rely upon catchall phrases or identify categories of trade secrets." *Quintara*, 149 F.4th at 1087 (internal quotation marks and citation omitted). The plaintiff must identify the claimed trade secret with "sufficient particularity" for purposes of DTSA, and with "reasonable particularity" for purposes of CUTSA. *Id*. at 1085.

Courts in this district have interpreted those requirements to mean that although the plaintiff need not disclose the details of its trade secret in its pleading, "it must include facts that

describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade." *7EDU Impact Acad. Inc. v. You*, 760 F. Supp. 3d 981, 993 (N.D. Cal. 2024) (internal quotation marks and citation omitted).  General allegations identifying the "purported trade secrets in broad, categorical terms that are merely descriptive of the types of information that generally may qualify as protectible trade secrets are insufficient to state a claim." *Id*. (internal quotation marks and citation omitted).  PFI's proposed amended counterclaim identifies its purported trade secrets as:  "valuable trade secrets both as integrated in the design of the chips and as part of the development of more advanced chips and other potential uses."  Proposed Amended Counterclaim ¶ 11.  That allegation is not even close to adequate.  Simply stating that the trade secrets are contained within the "design" of the Chip gives no notice whatsoever to Google or the Court as to the nature and scope of PFI's asserted trade secrets.

At the hearing, PFI's counsel argued that "the trade secrets are exactly what Google has described them to be."  Hrg. Tr. 3:22-23, ECF 197.  As the Court pointed out, Google's motion for a preliminary injunction was denied to the extent it was based on Google's trade secrets claims, because Google could not identify any trade secrets embedded in the CNEX assets.  *See id*. 15:23-25; PI Order at 16-20.  Consequently, PFI's reliance on Google's identification of trade secrets is misplaced.

PFI's counsel also argued at the hearing that its trade secrets were identified in a Statement of Work ("SOW") entered into by Google and CNEX.  *See* Hrg. Tr. 4:7-11.  However, when the Court invited PFI's counsel to point out the asserted trade secrets in a SOW, counsel was unable to do so.  *See id*. 5:25-6:9.

Accordingly, PFI's motion for leave to amend is DENIED IN PART as to PFI's request to add new trade secret claims to its counterclaim against Google.  At the hearing, PFI's counsel asked that this aspect of is motion be denied without prejudice to renewal, as PFI would like to take another stab at identifying trade secrets contained in CNEX's assets.  The Court expressed grave reservations regarding PFI's ability to identify any such trade secrets, but it reluctantly agreed to grant PFI one more opportunity to do so.  The Court stated that PFI would need to

reserve a hearing date for a renewed motion for leave to amend and advised that the Court currently is setting hearings in July.

## IV.    ORDER

(1)    PFI's motion for leave to amend its counterclaim against Google is GRANTED IN PART AND DENIED IN PART as follows:

(a)    The motion is GRANTED IN PART as to PFI's requests to withdraw its claims for breach of contract and breach of the implied covenant of good faith and fair dealing, and to add a claim for open account; and

(b)    The motion is DENIED IN PART as to PFI's request to add new trade secrets claims, without prejudice to renewal of that aspect of PFI's motion.

(2)    PFI SHALL file an answer and amended counterclaim consistent with this order on or before March 9, 2026.  Only those amendments specifically authorized above are permitted.  While PFI alluded to amendments to other aspects of its counterclaim at the hearing, its motion for leave to amend was limited to the claims discussed herein, and leave to amend is likewise limited.  The Court places no time limit on when or if PFI will file a further request for leave to file an amended counterclaim to allege trade secret misappropriation.

(3)    This order terminates ECF 123.

Dated:  March 2, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

7