**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

GOOGLE LLC,

          Plaintiff,

      v.

POINT FINANCIAL, INC.,

          Defendant.

Case No.  25-cv-04033-BLF

**ORDER GRANTING ADMINISTRATIVE SEALING MOTIONS**

[Re:  ECF Nos. 213, 222]

Before the Court are two administrative motions:

(1) Point Financial, Inc.'s ("PFI") Administrative Motion to Consider Whether PFI's Answer and Amended Counterclaim Should be Sealed.  ECF No. 213.

(2) Google LLC's ("Google") Administrative Motion for Further Redactions.  ECF No. 222.

For the reasons that follow, the administrative motion at ECF No. 213 is GRANTED and the administrative motion at ECF No. 222 is GRANTED.

## I.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of

access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–80.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1). Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civil L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civil L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civil L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civil L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civil L.R. 79-5(f)(4).

## II.    ECF NO. 213.

PFI has filed an administrative motion to consider whether PFI's answer and amended counterclaim (ECF No. 212) should be sealed. ECF No. 213. Google filed a statement in support of sealing. ECF No. 216. PFI does not oppose Google's request.

Google separates its sealing requests into three categories. The first category is a term that pertains to the "confidential and proprietary technology at issue in this litigation." *Id.* at 2. Google contends the disclosure of this information would reveal Google's confidential technology and in turn "weaken the competitive advantage Google maintains in the marketplace." *Id.* The second category of requests consists of "a direct quote from Amendment 2 to the Statement of

United States District Court
Northern District of California

Work" which is "marked confidential" and "maintained confidential" in the ordinary course of business. *Id.* Google argues that the disclosure of this information would expose Google's "strategic decision-making with respect to the terms offered to its contracting partners" and, in turn, harm its competitive advantage. *Id.* The third category of information Google seeks to seal is the "identity of one of the Vendors that manufacture, test, and assemble the chip at issue in this litigation." *Id.* Google argues that the public disclosure of this vendor's identity would give Google's competitors and potential contracting partners unfair leverage. *Id.*

As the sealing request relates to an answer and amended counterclaim, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101. The Court finds that compelling reasons exist to seal the materials Google identifies, because the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing if publicly disclosed. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for sealing "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). The Court also finds that the request is narrowly tailored. *See* Civil L.R. 79-5(c)(3).

United States District Court
Northern District of California

The Court's ruling is summarized below:

| Public ECF. No. / Sealed ECF. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 212 / ECF No. 213-3 | PFI's Answer and Amended Counterclaim | Highlighted portions at 3:8, 11; 4:23-24. | GRANTED as containing confidential business information, the release of which could cause Google harm. |

### III.    ECF NO. 222

Google has filed an administrative motion for further redactions. ECF No. 222. Google seeks redactions to the transcript of the hearing regarding PFI's motion to amend its counterclaim (ECF No. 197). PFI does not oppose Google's sealing requests.

Google seeks to seal "a single provision from the Master Purchase Agreement" that is "marked confidential" and "maintained confidential" in the ordinary course of business. ECF No. 222 at 3. Google argues that the disclosure of this information would expose Google's "strategic decision-making with respect to the terms offered to its contracting partners" and, in turn, harm its competitive advantage. *Id.*

As the sealing request relates to a transcript of a hearing on a motion to amend a counterclaim, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101. The Court finds that compelling reasons exist to seal the materials Google identifies, because the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing if publicly disclosed. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for sealing "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade

secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").  The Court also finds that the request is narrowly tailored.  *See* Civil L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Public ECF. No. / Sealed ECF. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 197 / ECF No. 222-3 | Transcript of Proceedings held on February 19, 2026 | Highlighted portions at 5:20-23. | GRANTED as containing confidential business information, the release of which could cause Google harm. |

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) PFI's Administrative Motion, ECF No. 213, is GRANTED.

(2) Google's Administrative Motion, ECF No. 222, is GRANTED.  The Clerk of the Court and the Court Reporter SHALL redact the public transcript consistent with this Order.

Dated:  March 30, 2026

_____
BETH LABSON FREEMAN
United States District Judge