United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GOOGLE LLC,

    Plaintiff,

  v.

POINT FINANCIAL, INC.,

    Defendant.

Case No.  25-cv-04033-BLF

**ORDER REGARDING POINT FINANCIAL, INC.'S ADMINISTRATIVE SEALING MOTIONS**

[Re:  ECF Nos. 228, 240]

Before the Court are two administrative motions:

(1) Point Financial, Inc.'s ("PFI") Administrative Motion to Consider Whether PFI's Motion for Summary Judgment and Supporting Exhibits Should Be Sealed.  ECF No. 228.

(2) Point Financial, Inc.'s ("PFI") Administrative Motion to Consider Whether PFI's Motion for Summary Judgment as Further Redacted and Supporting Exhibits Should Be Sealed.  ECF No. 240.

For the reasons set forth below, PFI's administrative motions are GRANTED to the extent Google LLC ("Google") seeks redactions.

I. **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to

United States District Court
Northern District of California

motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–80.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1). Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civil L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civil L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civil L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civil L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civil L.R. 79-5(f)(4).

## II. DISCUSSION

PFI initially filed a motion for summary judgment, ECF No. 227, and an accompanying administrative motion to consider whether PFI's motion for summary judgment and supporting exhibits should be sealed, ECF No. 228. PFI subsequently filed a motion to remove ECF No. 227 from the docket, ECF No. 241, which the Court granted, ECF No. 242. As a consequence, PFI's motion for summary judgment and all exhibits attached thereto have been removed from the docket. PFI then filed its corrected motion for summary judgment, ECF No. 239, and filed an

2

accompanying administrative motion to consider whether its motion for summary judgment as further redacted and supporting exhibits should be sealed, ECF No. 240.

As an initial matter, the Court notes that there are no public versions of the exhibits to the motion for summary judgment on the docket, because the Court granted PFI's motion to remove ECF No. 227. Accordingly, PFI is ORDERED to upload a complete public version of its motion for summary judgment, including exhibits that are entirely sealed (which should be identified with a placeholder page), exhibits with redactions, and exhibits that are not sealed at all. The Court requests that the exhibits be submitted in order (A-JJ) and be clearly labeled and identified on the docket.

Turning to PFI's administrative motions, Google filed statements in support of sealing. *See* ECF Nos. 237, 243. PFI did not file oppositions. Because Google's statements in support of sealing are "substantively identical" with the exception of an additional requested redaction on page 30 of Exhibit K, ECF No. 243 at 1, the Court analyzes the administrative motions together.

Google separates its sealing requests into three categories. The first category is "terms, phrases, and documents pertaining to Google's confidential and proprietary technology at issue in this litigation." *Id.* at 2. Google contends the disclosure of this information would reveal Google's confidential technology and in turn "weaken the competitive advantage Google maintains in the marketplace." *Id.* at 2–3. The second category of requests consists of "confidential contracts with third parties" pertaining to Google's plans to develop, design, and manufacture the chip at issue in this litigation. *Id.* at 3. Google argues that the disclosure of this information would expose Google's "strategic decision-making with respect to the terms offered to its contracting partners" and, in turn, harm its competitive advantage. *Id.* The third category of information Google seeks to seal is non-public information pertaining to Google's agreements with third parties and the identities of the vendors that manufacture, test, and assemble the at-issue chip. *Id.* at 3. According to Google, the public disclosure of this information would reveal Google's strategy with respect to its contractual relationships and undermine its competitive advantage. *Id.*

As the sealing requests relate to a motion for summary judgment, which the Court finds is

3

"more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101. The Court finds that compelling reasons exist to seal the materials Google identifies, because the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing if publicly disclosed. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for sealing "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). The Court also finds that the request is narrowly tailored. *See* Civil L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Public ECF No. / Sealed ECF. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| Not Available / 238 | Point Financial, Inc.'s Motion for Summary Judgment | i:16, 20-22;<br>5:6-9, 20-23;<br>6:21;<br>8:6-10, 13, 15-16, 18-25;<br>9:1-4, 10-11, 21, 23-25;<br>10:17, 22, 24, 26-27;<br>11:1-2, 8-9, 13-15, 17, 20-22, 24-27;<br>12:1-4, 6, 11-12, 14-19, 22;<br>13:13-14, 25;<br>14:3-6, 23;<br>15:1, 3, 5, 7-8, 10-12, 14-20, 22-23;<br>16:2-3, 15, 17-18;<br>17:7. | TERMINATED as moot. The public version of the document has been permanently removed from the docket per ECF No. 242, and PFI filed a new public version of the document at ECF No. 239. |

| 239 / 244 | Point Financial, Inc.'s Motion for Summary Judgment as Further Redacted | i:16, 20-22; 5:6-9, 20-23; 6:21; 8:6-10, 13, 15-16, 18-25; 9:1-4, 10-11, 21, 23-25; 10:17, 22, 24, 26-27; 11:1-2, 8-9, 13-15, 17, 20-22, 24-27; 12:1-4, 6, 11-12, 14-19, 22; 13:13-14, 25; 14:3-6, 23; 15:1, 3, 5, 7-8, 10-12, 14-20, 22- 23; 16:2-3, 15, 17-18; 17:7. | GRANTED as containing confidential business information, the release of which could harm Google. |
|---|---|---|---|
| Not Available / 244-1 | Exhibit A to Point Financial, Inc.'s Motion for Summary Judgment | Entire document. | GRANTED as containing confidential business information, the release of which could harm Google. |
| Not Available / 244-1 | Exhibit B to Point Financial, Inc.'s Motion for Summary Judgment | Entire document. | GRANTED as containing confidential business information, the release of which could harm Google. |
| Not Available / 244-1 | Exhibit C to Point Financial, Inc.'s Motion for Summary Judgment | Entire document. | GRANTED as containing confidential business information, the release of which could harm Google. |
| Not Available / 244-2 | Exhibit D to Point Financial, Inc.'s Motion for Summary Judgment | Entire document. | GRANTED as containing confidential business information, the release of which could harm Google. |
| Not Available / 244-2 | Exhibit E to Point Financial, Inc.'s Motion for Summary Judgment | Entire document. | GRANTED as containing confidential business information, the release of which could harm Google. |
| Not Available / 244-2 | Exhibit F to Point Financial, Inc.'s Motion for Summary Judgment | Entire document. | GRANTED as containing confidential business information, the release of which could harm Google. |
| Not Available / 244-2 | Exhibit G to Point Financial, Inc.'s Motion for Summary Judgment | Entire document. | GRANTED as containing confidential business information, the release of which could harm Google. |
| Not Available / 244-2 | Exhibit H to Point Financial, Inc.'s Motion for Summary Judgment | Entire document. | GRANTED as containing confidential business information, the release of which could harm Google. |

| Not Available / 244-2 | Exhibit J to Point Financial, Inc.'s Motion for Summary Judgment | Highlighted portions at 41:3-5, 7-8, 10, 16; 53:2; 54:22; 70:4, 7-8, 11, 15, 20, 25; 71:1, 18, 23; 72:9, 12, 15-16, 22; 77:10, 22. | GRANTED as containing confidential business information, the release of which could harm Google. |
|---|---|---|---|
| Not Available / 244-2 | Exhibit K to Point Financial, Inc.'s Motion for Summary Judgment | Highlighted portions at 14:4; 15:25; 17:15-17, 23; 29:4, 6, 19, 22; 30:7, 18, 20; 54:2-3, 12-14; 55:1-2, 5, 11-13, 23-25; 56:3, 6-8; 57:5, 11-12, 16, 20, 22; 58:1, 4, 20; 59:1, 5, 22, 25; 60:1, 25. | GRANTED as containing confidential business information, the release of which could harm Google. |
| Not Available / 244-2 | Exhibit L to Point Financial, Inc.'s Motion for Summary Judgment | Highlighted portions at 48:15-17; 49:6, 17-20, 22-24. | GRANTED as containing confidential business information, the release of which could harm Google. |
| Not Available / 244-2 | Exhibit M to Point Financial, Inc.'s Motion for Summary Judgment | Highlighted portions at 3:15-20, 22-26; 4:1-26; 5:1-20; 6:22; 7:2, 15-21, 23-26; 8:2-3, 11, 23; 9:7. | GRANTED as containing confidential business information, the release of which could harm Google. |

United States District Court
Northern District of California

| Not Available / 244-2 | Exhibit N to Point Financial, Inc.'s Motion for Summary Judgment | Highlighted portions at 11:4; 23:6, 8; 24:9, 14; 38:8, 14-15, 18-19, 25; 39:1, 6, 9, 12; 80:17; 81:1-2, 4; 82:3; 89:10; 147:9, 17, 24-25; 148:3, 6, 8, 13-17, 20-21, 23; 151:2-3, 11, 13, 15-16, 19; 152:7-8, 21-22; 153:8-9, 13, 18-20; 154:5-6, 8-9, 12, 22; 155:4, 8-9, 20-23. | GRANTED as containing confidential business information, the release of which could harm Google. |
|---|---|---|---|
| Not Available / 244-2 | Exhibit O to Point Financial, Inc.'s Motion for Summary Judgment | Entire document. | GRANTED as containing confidential business information, the release of which could harm Google. |
| Not Available / 244-2 | Exhibit P to Point Financial, Inc.'s Motion for Summary Judgment | Highlighted portions at 58:1; 110:8; 110:2, 9, 13, 15. | GRANTED as containing confidential business information, the release of which could harm Google. |
| Not Available / 244-2 | Exhibit R to Point Financial, Inc.'s Motion for Summary Judgment | Entire document. | GRANTED as containing confidential business information, the release of which could harm Google. |
| Not Available / 244-2 | Exhibit S to Point Financial, Inc.'s Motion for Summary Judgment | Entire document. | GRANTED as containing confidential business information, the release of which could harm Google. |
| Not Available / 244-2 | Exhibit T to Point Financial, Inc.'s Motion for Summary Judgment | Entire document. | GRANTED as containing confidential business information, the release of which could harm Google. |
| Not Available / 244-2 | Exhibit U to Point Financial, Inc.'s Motion for Summary Judgment | Entire document. | GRANTED as containing confidential business information, the release of which could harm Google. |
| Not Available / 244-2 | Exhibit V to Point Financial, Inc.'s Motion for Summary Judgment | Entire document. | GRANTED as containing confidential business information, the release of which could harm Google. |

| Not Available / 244-2 | Exhibit X to Point Financial, Inc.'s Motion for Summary Judgment | Entire document. | GRANTED as containing confidential business information, the release of which could harm Google. |
|---|---|---|---|
| Not Available / 244-2 | Exhibit Z to Point Financial, Inc.'s Motion for Summary Judgment | Entire document. | GRANTED as containing confidential business information, the release of which could harm Google. |
| Not Available / 244-2 | Exhibit AA to Point Financial, Inc.'s Motion for Summary Judgment | Highlighted portions at 2:15, 26; 3:5, 17; 4:1, 12, 23; 5:3-6, 9-10, 13-19, 21, 24; 6:6, 11, 17-19, 23; 7:4, 10, 18. | GRANTED as containing confidential business information, the release of which could harm Google. |
| Not Available / 244-2 | Exhibit BB to Point Financial, Inc.'s Motion for Summary Judgment | Highlighted portions at 3:14-15; 4:11-14, 17; 6:7-8, 11. | GRANTED as containing confidential business information, the release of which could harm Google. |
| Not Available / 244-2 | Exhibit CC to Point Financial, Inc.'s Motion for Summary Judgment | Highlighted portions at 1:18, 20; 3:5, 8, 11, 16-17, 38-39; 7:16-17, 20. | GRANTED as containing confidential business information, the release of which could harm Google. |
| Not Available / 244-2 | Exhibit FF to Point Financial, Inc.'s Motion for Summary Judgment | Entire document. | GRANTED as containing confidential business information, the release of which could harm Google. |
| Not Available / 244-2 | Exhibit GG to Point Financial, Inc.'s Motion for Summary Judgment | Highlighted portions at 1:5-8, 17, 32-35, 37; 4:16-17. | GRANTED as containing confidential business information, the release of which could harm Google. |
| Not Available / 244-2 | Exhibit HH to Point Financial, Inc.'s Motion for Summary Judgment | Highlighted portions at 1:9-15, 19, 28-30. | GRANTED as containing confidential business information, the release of which could harm Google. |
| Not Available / 244-2 | Exhibit JJ to Point Financial, Inc.'s Motion for Summary Judgment | Entire document. | GRANTED as containing confidential business information, the release of which could harm Google. |

## III.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) PFI's administrative motions, ECF Nos. 228, 240, are GRANTED to the extent Google requests redactions.

(2) PFI SHALL upload a public version of its motion for summary judgment and a

8

complete public set of all of the exhibits, including those that are entirely sealed (which should be identified with a placeholder page), those with redactions, and those that are not sealed at all.  The Court requests that the exhibits be submitted in order (A-JJ) and be clearly labeled and identified on the docket.  PFI SHALL upload this complete public version of its motion for summary judgment and set of exhibits on or before **May 5, 2026.**

Dated:  April 28, 2026

_____
BETH LABSON FREEMAN
United States District Judge