**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

GOOGLE LLC,

             Plaintiff,

     v.

POINT FINANCIAL, INC.,

             Defendant.

Case No.  25-cv-04033-BLF

**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION TO ENFORCE PRELIMINARY INJUNCTION AND FOR CONTEMPT SANCTIONS**

[Re:  ECF 141]

Before the Court is an "emergency" motion filed by Plaintiff Google LLC ("Google"), seeking to enforce the preliminary injunction issued by this Court and impose contempt sanctions against Defendant Point Financial, Inc. ("PFI") for violating the preliminary injunction.  *See* Pl.'s Emergency Mot., ECF 141 (redacted).  The motion does not present grounds for emergency relief or, indeed, any relief at all.  Accordingly, the motion is DENIED.

## I.    BACKGROUND[1]

Google contracted with third party CNEX Labs, Inc. ("CNEX") for the development of hardware and software ("the CNEX technology") for use in the manufacture of certain computer chips compatible with Google's infrastructure ("the Chips").  *See* Compl. ¶¶ 9, 17, ECF 1 (redacted); Order Granting in Part and Denying in Part Google LLC's Motion for a Preliminary Injunction ("PI Order") at 2-3, ECF 109 (redacted).  Google also contracted with third party vendors for the manufacture, testing, and assembly of the Chips using the CNEX technology.  *See* Compl. ¶¶ 9, 17; PI Order at 2-3.  Several years into the project, CNEX ceased operations and filed for bankruptcy.  *See* Compl. ¶ 81 & n.6; PI Order at 3.

---

[1] A number of documents in this case have been filed under seal or in redacted form.  The Background section is drawn from unsealed materials to avoid the necessity of sealing this order.

In the wake of CNEX's bankruptcy, Google continued working with its vendors to produce the Chips, taking the position that it has all necessary license and access rights to the CNEX technology under the Master Purchase Agreement ("MPA") between Google and CNEX. *See* Compl. ¶ 89; PI Order at 3-4. PFI, a creditor of CNEX, asserted superior rights in the CNEX technology based on its security interest in CNEX's assets resulting from CNEX's default on a loan. *See* Compl. ¶¶ 87-88, PI Order at 4. PFI warned Google's vendors that they should stop using the CNEX technology to manufacture the Chips for Google. *See* Compl. ¶¶ 90-91; PI Order at 4. PFI also indicated that it might sell the CNEX technology to recoup its investment. *See* Compl. ¶¶ 12, 97; PI Order at 4. Google asserted that PFI could not sell the CNEX technology because it contains Google's trade secrets. *See* Compl. ¶¶ 12, 35; PI Order at 2-3.

Google filed this suit against PFI in May 2025, asserting claims for: (1) tortious interference with contractual relationships; (2) violations of the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1831 et seq.; and (3) violations of the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426 et seq. *See* Compl. ¶¶ 110-158.

The Court granted Google's motion for a preliminary injunction based on its tortious interference claim and enjoined PFI "from taking any action intended to or having the effect of interfering with Google's license and access rights" to the CNEX technology, including contacting any of Google's vendors "for the purpose of taking any action intended to or having the effect of interfering with that relationship[.]" PI Order at 22-23. The Court denied Google's motion for a preliminary injunction based on its trade secret claims, finding that Google had not identified trade secrets that would be disclosed through PFI's potential sale of CNEX's assets. *See id*. at 16-21.

PFI began exploring ways to commercialize the CNEX technology in order to offset its loss on CNEX's defaulted loan. PFI filed a motion in the Bankruptcy Court seeking to convert CNEX's Chapter 7 case to a Chapter 11 case, and proposing a reorganization in which PFI would acquire a majority stake in CNEX and resume CNEX's operations. *See* Birch Decl. Ex. A (Mot. to Convert), ECF 141-3. Google opposed PFI's motion to convert and, the day before the Bankruptcy Court's hearing on that motion, filed the present "emergency" motion in this Court to bar PFI from going forward with its reorganization plan. *See* Pl.'s Emergency Mot.

United States District Court
Northern District of California

This Court immediately issued an order noting that "Google appears to expect this Court to act within a matter of hours in order to block PFI from participating in proceedings that are scheduled before the Bankruptcy Court. Order Re Pl.'s Emergency Motion, ECF 143. This Court determined that "Google has not provided the Court with any factual or legal basis justifying such precipitous action," and directed the parties to meet and confer regarding a briefing schedule and hearing date for Google's motion. *Id*.

While the parties were engaged in briefing the present motion, the Bankruptcy Court denied PFI's motion to convert. *See* Def.'s Opp. Ex. 1 (Bankruptcy Court Order), ECF 150-1. Google nonetheless persisted in litigating the present motion. *See* Pl.'s Reply, ECF 155. Google asks the Court to find PFI in contempt of the preliminary injunction order and to impose monetary contempt sanctions against PFI that would be payable to Google. *See id*. PFI argues in its opposition and court-authorized surreply that it has not violated the preliminary injunction and has no intention of doing so. *See* Def.'s Opp., ECF 150; Def.'s Surreply, ECF 116-1.

## II.    LEGAL STANDARD

"A district court has continuing jurisdiction to enforce its injunction." *Hangarter v. Paul Revere Life Ins. Co.*, 289 F. Supp. 2d 1105, 1107 (N.D. Cal. 2003) (citing *Crawford v. Honig*, 37 F.3d 485, 488 (9th Cir. 1994). "An injunction is enforced through the court's civil contempt power." *Hangarter*, 289 F. Supp. 2d at 1107.

"Civil contempt in this context consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (quotation marks and citation omitted). "Civil contempt is characterized by the court's desire to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance." *United States v. Bright*, 596 F.3d 683, 695-96 (9th Cir. 2010) (quotation marks and citation omitted). "The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992). "[A] finding of contempt must be accompanied by conditions by which contempt may be purged[.]" *Bright*, 596 F.3d at 696.

3

## III.    DISCUSSION

Google asks the Court to issue an order:

(1) enjoining PFI from taking any action in violation of the Preliminary Injunction through any entity owned and/or controlled by PFI, including but not limited to CNEX Labs, Inc.; (2) enjoining PFI from proceeding with its Chapter 11 reorganization plan in violation of the Court's Preliminary Injunction; and (3) holding PFI in contempt, warranting the imposition of contempt sanctions against PFI in an amount to reimburse Google for the costs and attorneys' fees incurred by Google to oppose PFI's Motion to Convert in the District Court and the Bankruptcy Court, and as further deemed just and appropriate by this Court.

Pl.'s Emergency Mot. at 10; Pl.'s Reply at 5, ECF 155.  The Court addresses each item of requested relief in turn.

### A.    Motion to Enjoin PFI from Violating the Preliminary Injunction

Google first asks the Court to issue an order "enjoining PFI from taking any action in violation of the Preliminary Injunction through any entity owned and/or controlled by PFI, including but not limited to CNEX Labs, Inc."  Pl.'s Emergency Mot. at 10; Pl.'s Reply at 5. Google contends that PFI should not be allowed to "achieve through a resurrected CNEX what it cannot achieve itself."  Pl.'s Emergency Mot. at 1.  At the hearing, Google argued that PFI's recent acquisition of CNEX's assets supports the need for the requested order, because PFI will try to commercialize the CNEX technology in violation of Google's rights.

PFI contends that Google is attempting to broaden the existing preliminary injunction to include new restrictions on PFI's ability to commercialize the CNEX technology.  *See* Def.'s Surreply at 2.  PFI points out that the Court declined to include such restrictions in the preliminary injunction at issue.  *See id*.  Moreover, PFI contends that because it is in the earliest stages of determining how to commercialize the CNEX technology, it has not taken any steps that even arguably violate the preliminary injunction.  *See id*.

The Court finds that Google has not established a basis for issuance of an order enjoining PFI from violating the existing preliminary injunction.  The preliminary injunction expressly applies to "PFI and any persons in active concert or participation with PFI[.]"  PI Order at 22. That language would cover any violation of the preliminary injunction by PFI, whether acting alone or through a resurrected CNEX.  The remedy for such violation would be civil contempt.

4

*See Hangarter*, 289 F. Supp. 2d at 1107 ("An injunction is enforced through the court's civil contempt power."). Accordingly, the Court concludes that issuance of an order directing PFI to comply with a previous order is unnecessary and unwarranted.

Whether PFI has violated the preliminary injunction through its efforts to acquire and commercialize CNEX's assets is addressed in Section III.C, below, discussing Google's request for imposition of contempt sanctions.

Google's motion to enjoin PFI from violating the preliminary injunction is DENIED.

**B.      Motion to Enjoin PFI from Proceeding with Ch. 11 Reorganization**

Google next asks the Court to enjoin PFI from proceeding with its Chapter 11 reorganization plan. That request is moot in light of the Bankruptcy Court's denial of PFI's motion to convert.

Google's motion to enjoin PFI from proceeding with its Chapter 11 reorganization plan is DENIED AS MOOT.

**C.      Motion for Contempt Sanctions against PFI**

Finally, Google asks the Court to hold PFI in contempt for violating the preliminary injunction. Google seeks an award of contempt sanctions to reimburse it for attorneys' fees and costs it incurred in opposing PFI's motion to convert in the Bankruptcy Court and briefing issues before this Court. PFI contends that it has not violated the preliminary injunction.

Google has not come close to meeting its burden of showing by clear and convincing evidence that PFI violated a specific and definite order of this Court. *See Stone*, 968 F.2d at 856 n.9. The preliminary injunction order enjoins PFI "from taking any action intended to or having the effect of interfering with Google's license and access rights" to the CNEX technology, including contacting any of Google's vendors "for the purpose of taking any action intended to or having the effect of interfering with that relationship[.]" PI Order at 22-23. Google argues that PFI's motion to convert in the Bankruptcy Court was a bad faith attempt to interfere with Google's license and access rights and/or Google's relationships with its vendors. Google makes a similar argument with respect to PFI's acquisition of CNEX's assets. Google's arguments are not well taken for the reasons discussed below.

As an initial matter, Google has not cited any case in imposing contempt sanctions based on a party's exercise of its right to file a motion in a federal court proceeding.  A party generally may not be subjected to liability based on its exercise of the right to petition the courts.  *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 934 (9th Cir. 2006) ("[T]o exercise its petitioning rights meaningfully, a party may not be subjected to liability for conduct intimately related to its petitioning activities.").

Google instead relies on its characterization of PFI's motion to convert as being brought in bad faith.  In support of that characterization, Google submits the transcript of the hearing on PFI's motion to convert, in which the Bankruptcy Court opined that the motion was brought solely for the purpose of gaining leverage over Google.  *See* Reply Ex. B (Bankr. Tr.) 10:19-11:14, ECF 155-2.  Even giving full deference to the Bankruptcy Court's assessment of PFI's motives, the filing of a motion to gain a litigation or settlement advantage does not equate to interference with Google's rights in violation of the preliminary injunction.  Google cannot establish contempt based on a generalized assertion regarding PFI's motives – the law requires that Google demonstrate PFI's disobedience of a specific provision of the preliminary injunction order. Google has not done so here.

Google's request for contempt sanctions appears to be grounded in the assumption that PFI's acquisition and commercialization of CNEX's assets necessarily would violate the preliminary injunction.  That assumption is not supported by the current record.  The preliminary injunction does not bar PFI from attempting to recoup its investment by commercializing the CNEX technology.  Google requested that such a bar be included to protect its asserted trade secrets, but the Court determined that "[a]lthough Google has identified trade secrets that it owns, it has not shown that PFI's sale of the Customized Software and Tooling would likely disclose or otherwise misappropriate those trade secrets." *See* PI Order at 20-21.  Accordingly, at this time PFI is not restrained by the preliminary injunction from taking actions to commercialize the CNEX technology, so long as PFI does not otherwise violate the preliminary injunction.  Google's speculation that PFI will not be able to thread that needle does not establish a present violation of this Court's preliminary injunction order.

Google's motion for contempt sanctions against PFI is DENIED.

## IV. ORDER

(1)   Google's "emergency" motion is DENIED in its entirety; and

(2)   This order terminates ECF 141.


Dated:  May 6, 2026

_____
BETH LABSON FREEMAN
United States District Judge

7