**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

GOOGLE LLC,

               Plaintiff,

     v.

POINT FINANCIAL, INC.,

               Defendant.

Case No.  25-cv-04033-BLF

**ORDER REGARDING ADMINISTRATIVE SEALING MOTIONS**

[Re:  ECF Nos. 274, 275, 276]

Before the Court are three administrative motions:

(1) Point Financial, Inc.'s ("PFI") Administrative Motion to Consider Whether Exhibit A to the Declaration of Amir J. Sadeghi in Opposition to Google LLC's ("Google") Reply in Support of Its Motion for Partial Summary Judgment Should be Sealed.  ECF No. 274.

(2) PFI's Administrative Motion to Consider Whether Exhibit KK to PFI's Response to Google's Motion for Partial Summary Judgment Should be Sealed.  ECF No. 275.

(3) Google's Administrative Motion for Further Redactions.  ECF No. 276.

For the reasons set forth below, PFI's administrative motion at ECF No. 274 is GRANTED to the extent Google requests redactions, PFI's administrative motion at ECF No. 275 is DENIED, and Google's administrative motion at ECF No. 276 is GRANTED.

## I.    LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong

presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–80.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1). Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civil L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civil L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civil L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civil L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civil L.R. 79-5(f)(4).

## II.    ECF NO. 274

PFI has filed an administrative motion to consider whether Exhibit A to the Declaration of Amir J. Sadeghi in Opposition to Google's Reply in Support of Its Motion for Partial Summary Judgment should be sealed. ECF No. 274. Google has submitted a statement in support of sealing. ECF No. 277. Although PFI maintains that "none of these materials warrant sealing,"

United States District Court
Northern District of California

United States District Court
Northern District of California

ECF No. 274 at 1, PFI does not oppose Google's request.

Google separates its sealing request into two categories. The first category consists of quotes from or close restatements of provisions of Google's confidential contracts with third parties pertaining to Google's plans regarding the chip at issue in this litigation. ECF No. 277 at 2. Google argues that the disclosure of this information would expose Google's "strategic decision-making with respect to the terms offered to its contracting partners" and harm its competitive advantage. *Id.* The second category of information Google seeks to seal is non-public business information pertaining to Google's agreements with third parties as to its plans for the at-issue chip. *Id.* According to Google, the public disclosure of this information would reveal Google's strategy with respect to its contractual relationships and weaken its leverage. *Id.*

As the sealing request relates to a declaration in response to a reply in support of a motion for partial summary judgment, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101. The Court finds that compelling reasons exist to seal the materials Google identifies, because the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing if publicly disclosed. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for sealing "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). The Court also finds that the request is narrowly tailored. *See* Civil L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Public ECF No. / Sealed ECF. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 273-1 / 274-3 | Exhibit A to Declaration of Amir J. Sadeghi in Opposition to Google LLC's Reply in Support of Motion for Partial Summary Judgment | Highlighted portions at 2:17-18; 3:3-4, 20; 4:1-2, 15, 19; 5:1, 10. | GRANTED as containing confidential business information, the release of which could harm Google. |

### III.    ECF NO. 275

PFI has filed an administrative motion to consider whether Exhibit KK to PFI's Response to Google's Motion for Partial Summary Judgment should be sealed.  ECF No. 275.  No party has filed a statement in support of sealing.  Accordingly, the motion is DENIED.

### IV.    ECF NO. 276

Google has filed an administrative motion to redact portions of the transcript of the hearing on Google's "Emergency" Motion to Enforce the Preliminary Injunction and for Contempt Sanctions (ECF No. 262).  ECF No. 276.  PFI has not submitted a response in opposition.

Google seeks to seal a single term pertaining to Google's confidential and proprietary technology at issue in this litigation.  *Id.* at 3.  Google contends that the public disclosure of this information would weaken the competitive advantage it maintains in the marketplace as a result of its investment in the confidential technology.  *Id.*

As the sealing request relates to a motion to enforce the preliminary injunction and for contempt sanctions, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard.  *Ctr. for Auto Safety*, 809 F.3d at 1099–101.  The Court finds that compelling reasons exist to seal the materials Google identifies, because the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing if publicly disclosed.  *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3

United States District Court
Northern District of California

4

(N.D. Cal. Jan. 3, 2019) (finding compelling reasons for sealing "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). The Court also finds that the request is narrowly tailored. *See* Civil L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Sealed ECF. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| No. 276-3 | Transcript of Proceedings held on April 23, 2026 | Highlighted portions at 5:13-14. | GRANTED as containing confidential business information, the release of which could harm Google. |

## V.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) PFI's administrative motion at ECF No. 274 is GRANTED to the extent Google requests redactions.

(2) PFI's administrative motion at ECF No. 275 is DENIED.

(3) PFI SHALL refile public versions of each filing where the redactions granted by the Court are narrower than what was redacted in the current public versions by **June 23, 2026.**

(4) Google's administrative motion at ECF No. 276 is GRANTED. The Clerk of the Court and the Court Reporter SHALL redact the public transcript consistent with this Order.

Dated:  June 12, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

5