**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

GOOGLE LLC,

          Plaintiff,

     v.

POINT FINANCIAL, INC.,

          Defendant.

Case No.  25-cv-04033-BLF

**ORDER REGARDING ADMINISTRATIVE SEALING MOTIONS**

[Re:  ECF Nos. 284, 293]

Before the Court are two administrative motions:

(1) Point Financial, Inc.'s ("PFI") Combined Administrative Motions to File Under Seal and to Consider Whether Materials Should Be Sealed.  ECF No. 284.

(2) PFI's Administrative Motion to Consider Whether PFI's Notice of Motion to Modify Preliminary Injunction and Memorandum in Support Should Be Sealed.  ECF No. 293.

For the reasons set forth below, PFI's administrative motion to file under seal, ECF No. 284, is GRANTED, PFI's administrative motion to consider whether materials should be sealed, ECF No. 284, is GRANTED to the extent Google LLC ("Google") seeks redactions, and PFI's administrative motion to consider whether its motion to modify the preliminary injunction should be sealed, ECF No. 293, is GRANTED to the extent Google seeks redactions.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

United States District Court
Northern District of California

*Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–80.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5.  That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."  Civil L.R. 79-5(c)(1).  Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary."  Civil L.R. 79-5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable material."  Civil L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed.  Civil L.R. 79-5(f).  In that case, the filing party need not satisfy the requirements of subsection (c)(1).  Civil L.R. 79-5(f)(1).  Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1).  Civil L.R. 79-5(f)(3).  A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party.  *Id.*  Any party can file a response to that declaration within four days.  Civil L.R. 79-5(f)(4).

**II.   ECF NO. 284**

In connection with its answer and second amended counterclaim (attached to its renewed motion for leave to amend), PFI has filed a combined administrative motion to file under seal and to consider whether materials should be sealed.  ECF No. 284.  The Court addresses each portion of the motion in turn.

United States District Court
Northern District of California

### A.    PFI's Motion to File Under Seal

Beginning with PFI's motion to file under seal, PFI seeks to file portions of its answer and second amended counterclaim and accompanying redline under seal.  ECF No. 284 at 1.  PFI argues that because its submissions contain trade secrets and confidential business information, compelling reasons exist to redact portions of its answer and second amended counterclaim.  *Id.* Google does not oppose.

As the sealing request relates to an answer and second amended counterclaim, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard.  *Ctr. for Auto Safety*, 809 F.3d at 1099–101.  The Court finds that compelling reasons exist to seal the materials PFI identifies, because the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing if publicly disclosed.  *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for sealing "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").  The Court also finds that the request is narrowly tailored.  *See* Civil L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Public ECF No. / Sealed ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 283-1 / 284-4 | Point Financial, Inc.'s Answer and Second Amended Counterclaim | Highlighted portions at 16:11-17:24. | GRANTED as containing confidential business information, the release of which could harm PFI. |

United States District Court<br>Northern District of California

United States District Court
Northern District of California

| 283-2 / 284-5 | Redlined copy of Point Financial Inc.'s Answer and Second Amended Counterclaim | Highlighted portions at 16:11-17:24. | GRANTED as containing confidential business information, the release of which could harm PFI. |

### B.    PFI's Motion to Consider Whether Google's Material Should be Sealed

PFI also moves for the Court to consider whether additional portions of its answer and second amended complaint should be sealed.  ECF No. 284 at 3–4.  Google has submitted a statement in support of sealing, seeking to redact terms and phrases pertaining to Google's confidential and propriety technology at issue in this litigation.  *See* ECF No. 296 at 2.  Google takes the position that the public disclosure of these materials would weaken the competitive advantage that Google maintains as a result of the substantial investment it has made into this technology.  *Id.*  Although PFI contends that "none of these materials warrant sealing," ECF No. 284 at 4, PFI does not oppose Google's request

As the sealing request relates to an answer and second amended counterclaim, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard.  *Ctr. for Auto Safety*, 809 F.3d at 1099–101.  The Court finds that compelling reasons exist to seal the materials Google identifies, because the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing if publicly disclosed.  *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for sealing "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").  The Court also finds that the request is narrowly tailored.  *See* Civil L.R. 79-5(c)(3).

United States District Court
Northern District of California

The Court's ruling is summarized below:

| Public ECF No. / Sealed ECF. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 283-1 / 297 | Point Financial, Inc.'s Answer and Second Amended Counterclaim | Highlighted portions at 3:8, 11; 4:23-24; 18:1, 4, 6, 8-15, 17, 19-22, 24-25; 19:2, 4; 20:2, 8, 11, 15, 24. | GRANTED as containing confidential business information, the release of which could harm Google. |
| 283-2 / 297-1 | Redlined copy of Point Financial Answer and Second Amended Counterclaim | Highlighted portions at 3:8, 11; 4:23-24; 18:1, 4, 6, 8-15, 17, 19-22, 24-25; 19:2, 4; 20:2, 8, 11, 15, 24. | GRANTED as containing confidential business information, the release of which could harm Google. |

## III.    ECF NO. 293

PFI has also filed an administrative motion to consider whether its notice of motion to modify preliminary injunction and memorandum in support should be sealed. ECF No. 293. Google has submitted a statement in support of sealing. ECF No. 300. Although PFI contends that none of the materials warrant sealing, ECF No. 293 at 1, PFI does not oppose Google's request.

Google separates its sealing request into three categories. The first category is "terms and phrases pertaining to Google's confidential and proprietary technology at issue in this litigation." ECF No. 300 at 2. Google contends the disclosure of this information would reveal Google's confidential technology and in turn "weaken the competitive advantage Google maintains in the marketplace." *Id.* The second category consists of quotes and close restatements of provisions of Google's confidential contracts with third parties pertaining to Google's plans regarding the chip at issue in this litigation. *Id.* Google argues that the disclosure of this information would expose Google's "strategic decision-making with respect to the terms offered to its contracting partners" and harm its competitive advantage. *Id.* The third category of information Google seeks to seal is

5

non-public business information pertaining to Google's agreements with third parties as to its plans for the at-issue chip. *Id.* at 2–3. According to Google, the public disclosure of this information would reveal Google's strategy with respect to its contractual relationships and weaken its leverage. *Id.*

As the sealing request relates to a motion to modify the preliminary injunction, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101. The Court finds that compelling reasons exist to seal the materials Google identifies, because the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing if publicly disclosed. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for sealing "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). The Court also finds that the request is narrowly tailored. *See* Civil L.R. 79-5(c)(3).

United States District Court
Northern District of California

6

United States District Court
Northern District of California

The Court's ruling is summarized below:

| Public ECF No. / Sealed ECF. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 292 / 301 | PFI's Notice of Motion to Modify Preliminary Injunction and Memorandum in Support | Highlighted portions at 2:11; 3:27; 4:1-7; 5:9, 13, 23; 6:7; 8:11; 9:14, 24; 11:12-14; 14:19, 23-25; 15:5. | GRANTED as containing confidential business information, the release of which could harm Google. |
| 292-2 / 301-1 | Proposed Order to PFI's Notice of Motion to Modify Preliminary Injunction and Memorandum in Support | Highlighted portions at 2:1, 4-5. | GRANTED as containing confidential business information, the release of which could harm Google. |
| 292-3 / 301-2 | Exhibit A to PFI's Notice of Motion to Modify Preliminary Injunction and Memorandum in Support | Highlighted portions at 1:11, 23-24, 27, 29; 2:35; 3:4, 34; 4:9-10, 14, 23. | GRANTED as containing confidential business information, the release of which could harm Google. |
| 292-3 / 301-2 | Exhibit B to PFI's Notice of Motion to Modify Preliminary Injunction and Memorandum in Support | Highlighted portions at 1:1, 4, 6, 9, 12, 15-16, 20, 27; 2:1-2, 4. | GRANTED as containing confidential business information, the release of which could harm Google. |
| 292-3 / 301-2 | Exhibit D to PFI's Notice of Motion to Modify Preliminary Injunction and Memorandum in Support | Highlighted portions at 5:14, 16-17, 22; 6:5, 9-10, 12-13, 16, 19, 24; 7:3. | GRANTED as containing confidential business information, the release of which could harm Google. |
| 264-3 / 301-2 | Exhibit E to PFI's Notice of Motion to Modify Preliminary Injunction and Memorandum in Support | Highlighted portions at 2:15, 26; 3:5, 17; 4:1, 12, 23; 5:3-6, 9-10, 13-19, 21, 24; 6:6, 11, 17-19, 23; 7:4, 10, 18. | GRANTED as containing confidential business information, the release of which could harm Google. |

| 264-3 / 301-2 | Exhibit F to PFI's Notice of Motion to Modify Preliminary Injunction and Memorandum in Support | Highlighted portions at 1:16-17, 28; 2:2-3, 15-16, 19, 22, 27-28; 3:28; 4:6-7, 28; 5:28; 6:11. | GRANTED as containing confidential business information, the release of which could harm Google. |
|---|---|---|---|

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) PFI's Combined Administrative Motions, ECF No. 284, are GRANTED as follows:

    a.   PFI's administrative motion to file under seal is GRANTED.

    b.   PFI's administrative motion to consider whether materials should be sealed is GRANTED to the extent Google seeks redactions.

(2) PFI's Administrative Motion to Consider Whether PFI's Notice of Motion to Modify Preliminary Injunction and Memorandum in Support Should Be Sealed, ECF No. 293, is GRANTED to the extent Google seeks redactions.

(3) PFI SHALL file complete public versions of its motions and all of the exhibits with redactions consistent with this Order on or before **July 6, 2026.**

Dated:  June 29, 2026

_____
BETH LABSON FREEMAN
United States District Judge

8