**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| GOOGLE LLC,<br><br>           Plaintiff,<br><br>     v.<br><br>POINT FINANCIAL, INC.,<br><br>           Defendant. | Case No.  25-cv-04033-BLF<br><br>**ORDER REGARDING ADMINISTRATIVE SEALING MOTIONS**<br><br>[Re:  ECF Nos. 306, 307] |

Before the Court are two administrative motions:

(1) Google LLC's ("Google") Administrative Motion to File Under Seal.  ECF No. 306.

(2) Google's Administrative Motion to Consider Whether Point Financial, Inc.'s ("PFI") Material Should be Sealed.  ECF No. 307.

For the reasons set forth below, the administrative motion at ECF No. 306 is GRANTED, and the administrative motion at ECF No. 307 is GRANTED to the extent Google requests redactions.

## I.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d

United States District Court<br>Northern District of California

1092, 1099–101 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–80.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1). Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civil L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civil L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civil L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civil L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civil L.R. 79-5(f)(4).

## II.   ECF NO. 306

Google has filed an administrative motion to seal portions of its response in opposition to PFI's motion to modify the preliminary injunction order and certain exhibits thereto. ECF No. 306. PFI has not filed a response.

Google separates its sealing request into three categories. The first category consists of "terms and phrases pertaining to Google's confidential and proprietary technology at issue in this litigation." *Id.* at 2. Google contends the disclosure of this information would reveal Google's confidential technology and in turn "weaken the competitive advantage Google maintains in the marketplace." *Id.* The second category consists of terms of Google's confidential contracts with third parties pertaining to Google's plans regarding the chip at issue in this litigation. *Id.* Google

United States District Court
Northern District of California

2

argues that the disclosure of this information would expose Google's "strategic decision-making with respect to the terms offered to its contracting partners" and harm its competitive advantage. *Id.* The third category of information Google seeks to seal is non-public business information pertaining to Google's agreements with third parties as to its plans for the at-issue chip. *Id.* According to Google, the public disclosure of this information would reveal Google's strategy with respect to its contractual relationships and weaken its leverage. *Id.* at 2–3.

As the sealing request relates to an opposition to a motion to modify a preliminary injunction, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101. The Court finds that compelling reasons exist to seal the materials Google identifies, because the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing if publicly disclosed. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for sealing "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). The Court also finds that the request is narrowly tailored. *See* Civil L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Public ECF No. / Sealed ECF. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 305 / 306-3 | Google's Response in Opposition to PFI's Motion to Modify the Preliminary Injunction | Highlighted portions at i:6; 1:12; 2:15-16; 3:8, 18-19, 22-25; 4:14; 5:4, 9-11, 18; 6:14; 10:13, 15; 11:2; 12:17; 17:2-4. | GRANTED as containing confidential business information, the release of which could harm Google. |
| 305-2 / 306-4 | Exhibit A to Google's Response in Opposition to PFI's Motion to Modify the Preliminary Injunction | Highlighted portions at 2:26. | GRANTED as containing confidential business information, the release of which could harm Google. |
| 305-2 / 306-4 | Exhibit C to Google's Response in Opposition to PFI's Motion to Modify the Preliminary Injunction | Entire audio file. | GRANTED as containing confidential business information, the release of which could harm Google. |
| 305-2 / 306-4 | Exhibit E to Google's Response in Opposition to PFI's Motion to Modify the Preliminary Injunction | Highlighted portions at 1:12. | GRANTED as containing confidential business information, the release of which could harm Google. |
| 305-2 / 306-4 | Exhibit F to Google's Response in Opposition to PFI's Motion to Modify the Preliminary Injunction | Entire audio file. | GRANTED as containing confidential business information, the release of which could harm Google. |
| 305-2 / 306-4 | Exhibit H to Google's Response in Opposition to PFI's Motion to Modify the Preliminary Injunction | Highlighted portions at 77:11. | GRANTED as containing confidential business information, the release of which could harm Google. |

United States District Court
Northern District of California

| 305-2 / 306-4 | Exhibit J to Google's Response in Opposition to PFI's Motion to Modify the Preliminary Injunction | Highlighted portions at 5:13-14. | GRANTED as containing confidential business information, the release of which could harm Google. |
|---|---|---|---|
| 305-2 / 306-4 | Exhibit K to Google's Response in Opposition to PFI's Motion to Modify the Preliminary Injunction | Highlighted portions at 1:15, 21-22, 27. | GRANTED as containing confidential business information, the release of which could harm Google. |

### III.    ECF NO. 307

Google has filed an administrative motion to consider whether Exhibits G and I to its response in opposition to PFI's motion to modify the preliminary inunction should be sealed.  ECF No. 307.  PFI submitted a statement in which it indicates that it does not seek any redactions.  ECF No. 319.  For its part, Google seeks to seal a single term pertaining to Google's confidential and propriety technology at issue in this litigation.  ECF No. 307 at 3.  Google contends that the public disclosure of this information would weaken the competitive advantage Google maintains in the marketplace as a result of the substantial investment it has made into its technology.  *Id.*  PFI does not object to Google's sealing request.  ECF No. 319 at 1.

As the sealing request relates to an opposition to a motion to modify a preliminary injunction, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard.  *Ctr. for Auto Safety*, 809 F.3d at 1099–101.  The Court finds that compelling reasons exist to seal the materials Google identifies, because the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing if publicly disclosed.  *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for sealing "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade

5

secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").  The Court also finds that the request is narrowly tailored.  *See* Civil L.R. 79-5(c)(3).

| Public ECF No. / Sealed ECF. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 305-2 / 307-3 | Exhibit I to Google's Response in Opposition to PFI's Motion to Modify the Preliminary Injunction | Highlighted portions at 45:9, 24. | GRANTED as containing confidential business information, the release of which could harm Google. |

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Google's administrative motion to file under seal, ECF No. 306, is GRANTED.

(2) Google's administrative motion to consider whether another party's material should be sealed, ECF No. 307, is GRANTED to the extent Google requests redactions.

(3) Google SHALL file a complete public version of its opposition to PFI's motion to modify the preliminary injunction on or before **July 21, 2026.**

Dated:  July 14, 2026

_____
BETH LABSON FREEMAN
United States District Judge