United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

GOOGLE LLC,
Plaintiff,
v.
POINT FINANCIAL, INC.,
Defendant.

Case No. 25-cv-04033-BLF

**ORDER REGARDING ADMINISTRATIVE SEALING MOTIONS**

[Re: ECF Nos. 316, 318]

Before the Court are two administrative motions:

(1) Point Financial, Inc.'s ("PFI") administrative motion to consider whether its reply in support of its motion to modify preliminary injunction and supporting exhibits should be sealed. ECF No. 316.

(2) PFI's administrative motion to consider whether refiled Exhibit 1 to PFI's reply in support of second motion for leave to amend counterclaim should be sealed. ECF No. 318.

For the reasons set forth below, both administrative motions are GRANTED to the extent Google requests redactions.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to

motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–80.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1). Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civil L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civil L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civil L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civil L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civil L.R. 79-5(f)(4).

## II. ECF NO. 316

PFI has filed an administrative motion to consider whether its reply in support of its motion to modify the preliminary injunction and supporting exhibits should be sealed. ECF No. 316. Google has submitted a statement in support of sealing. ECF No. 321. While PFI "contends none of these materials warrant sealing," ECF No. 316 at 1, PFI does not oppose Google's request.

Google separates its sealing request into two categories. The first category consists of

United States District Court
Northern District of California

"terms and phrases pertaining to Google's confidential and proprietary technology at issue in this litigation." ECF No. 321 at 2. Google contends the disclosure of this information would reveal Google's confidential technology and in turn "weaken the competitive advantage Google maintains in the marketplace." *Id.* The second category of assertedly sealable information is the identity of one of the vendors that manufacture, test, and assemble the chip at issue in this litigation. *Id.* According to Google, disclosing this information would reveal its "strategic decision-making with respect to its contractual relationships" and give other market actors unfair leverage in competing against or negotiating with Google. *Id.*

As the sealing request relates to reply in support of a motion to modify a preliminary injunction, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101. The Court finds that compelling reasons exist to seal the materials Google identifies, because the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing if publicly disclosed. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for sealing "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). The Court also finds that the request is narrowly tailored. *See* Civil L.R. 79-5(c)(3).

United States District Court
Northern District of California

The Court's ruling is summarized below:

| Public ECF No. / Sealed ECF. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 315 / 322 | PFI's Reply in Support of Motion to Modify Preliminary Injunction | Highlighted portions at 7:5. | GRANTED as containing confidential business information, the release of which could harm Google. |
| 315-1 / 322 | Exhibit 2 to PFI's Reply in Support of Motion to Modify Preliminary Injunction | Highlighted portions at 3:23; 51:13. | GRANTED as containing confidential business information, the release of which could harm Google. |
| 315-1 / 322 | Exhibit 3 to PFI's Reply in Support of Motion to Modify Preliminary Injunction | Highlighted portions at 2:12; 20:22-23. | GRANTED as containing confidential business information, the release of which could harm Google. |
| 315-1 / 322 | Exhibit 4 to PFI's Reply in Support of Motion to Modify Preliminary Injunction | Highlighted portions at 19:4, 16; 20:15, 23; 29:4, 6, 19, 22; 30:7, 18, 20. | GRANTED as containing confidential business information, the release of which could harm Google. |

## III. ECF NO. 318

PFI has filed an administrative motion to consider whether Exhibit 1 to its reply in support of its second motion for leave to amend counterclaim should be sealed. ECF No. 318. Google has submitted a statement in support of sealing. ECF No. 321. While PFI "contends none of these materials warrant sealing," ECF No. 318 at 1, PFI does not oppose Google's request.

Google separates its sealing request into two categories. The first category consists of "terms and phrases pertaining to Google's confidential and proprietary technology at issue in this litigation." ECF No. 321 at 2. Google contends the disclosure of this information would reveal Google's confidential technology and in turn "weaken the competitive advantage Google maintains in the marketplace." *Id.* The second category of assertedly sealable information is the identity of one of the vendors that manufacture, test, and assemble the chip at issue in this litigation. *Id.* According to Google, disclosing this information would reveal its "strategic decision-making with respect to its contractual relationships" and give other market actors unfair leverage in competing against or negotiating with Google. *Id.*

As the sealing request relates to reply in support of a motion for leave to amend, which the

United States District Court
Northern District of California

Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101. The Court finds that compelling reasons exist to seal the materials Google identifies, because the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing if publicly disclosed. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for sealing "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). The Court also finds that the request is narrowly tailored. *See* Civil L.R. 79-5(c)(3).

| Public ECF No. / Sealed ECF. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 317 / 323 | Exhibit 1 to PFI's Reply in Support of Second Motion for Leave to Amend Counterclaim | Highlighted portions at 166:11, 14-15, 20. | GRANTED as containing confidential business information, the release of which could harm Google. |

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) PFI's administrative motion to consider whether its reply in support of its motion to modify preliminary injunction and supporting exhibits should be sealed, ECF No. 316, is GRANTED to the extent Google requests redactions. PFI SHALL refile a complete public version of its reply brief and accompanying exhibits on or before **July 27, 2026**.

(2) PFI's administrative motion to consider whether refiled Exhibit 1 to PFI's reply in support of second motion for leave to amend counterclaim should be sealed, ECF No. 318, is GRANTED to the extent Google requests redactions. PFI SHALL refile a

complete public version of its reply brief and accompanying exhibits on or before **July 27, 2026**.

Dated: July 20, 2026

BETH LABSON FREEMAN
United States District Judge