United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GOOGLE LLC,

Plaintiff,

v.

POINT FINANCIAL, INC.,

Defendant.

Case No. 25-cv-04033-BLF

**ORDER DENYING PFI'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COUNTERCLAIM**

[Re: ECF No. 283]

Before the Court is Point Financial, Inc.'s ("PFI") motion seeking leave to amend its first amended counterclaim against Google LLC ("Google"). ECF No. 283. The Court held a hearing on this motion on August 20, 2026, and issued its ruling on the record, which is memorialized herein. For the reasons stated on the record and summarized below, PFI's motion for leave to amend its first amended counterclaim is DENIED.

## I. BACKGROUND

The factual and procedural history of this case is well known to the parties. On May 8, 2025, Google filed a complaint against PFI. ECF No. 1. PFI filed its answer and counterclaim on May 30, 2025. ECF No. 43. On October 6, 2025, PFI filed a motion for leave to amend its counterclaim, seeking, in part, to add counterclaims for violations of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1831 et seq., and California's Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426 et seq. ECF No. 123-1, Ex. 1 ("Amended Counterclaim") ¶¶ 5–23. On March 2, 2026, the Court granted PFI's motion in part but denied, without prejudice, PFI's motion

to add its trade secret claims. ECF No. 208 at 4–7. The Court's order "place[d] no time limit" on PFI's filing of "a further request for leave to file an amended counterclaim to allege trade secret misappropriation." *Id.* at 7.

On June 11, 2026, PFI filed the instant motion, once again seeking to add counterclaims for violations of the DTSA and CUTSA. ECF No. 283-1, Ex. 1 ("Second Amended Counterclaim") ¶¶ 30–62. Google opposes the motion. *See* ECF No. 302.

## II. LEGAL STANDARD

PFI's motion for leave to amend its first amended counterclaim is governed by Federal Rule of Civil Procedure 15(a) ("Rule 15") because the court "place[d] no time limit" on PFI's motion for leave to amend. *See* ECF No. 208 at 7. Rule 15 directs the Court to grant leave "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). This leave "is not to be granted automatically," but is instead subject to the following considerations: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal quotations and citations omitted). Of these factors, "prejudice to the opposing party . . . carries the greatest weight" when deciding whether to grant leave to amend. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III. DISCUSSION

PFI's motion for leave to amend its first amended counterclaim would unfairly prejudice Google. Fact and expert discovery are complete. The court has ruled on the Parties' motions for summary judgment. *See* ECF No. 336. To address these new DTSA and CUTSA claims, the Court would need to reopen discovery, provide for additional briefing on dispositive motions, and continue the trial date. Trial is set to begin in less than ninety days, on November 16, 2026, and the Court's next available trial date is over a year away. Granting PFI's motion under these

United States District Court
Northern District of California

circumstances would prejudice Google by severely limiting its ability to properly prepare for and address PFI's trade secret claims. *See, e.g.*, *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.").

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that PFI's motion for leave to amend its first amended counterclaim is DENIED without prejudice to raise trade secret claims in a separate lawsuit. The Court notes that nothing in this order should be construed as an invitation for PFI to file a separate trade secret suit, or as an indication of PFI's likelihood of success on these claims.

Dated: August 24, 2026

BETH LABSON FREEMAN
United States District Judge