UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GOOGLE LLC,

Plaintiff,

v.

POINT FINANCIAL, INC.,

Defendant.

Case No. 25-cv-04033-BLF

**ORDER REGARDING ADMINISTRATIVE MOTIONS TO SEAL**

[Re: ECF Nos. 210, 350, 359, 362, 365]

Before the Court are five administrative motions:

1. Point Financial, Inc.'s Administrative Motion to Consider Whether Certain Exhibits to Point Financial, Inc.'s Response in Opposition to Google, LLC's Administrative Motion to Seal Should Be Sealed. ECF No. 210.
2. Google LLC's Administrative Motion for Further Redactions. ECF No. 350.
3. Google LLC'S Administrative Motion to File Under Seal. ECF No. 359.
4. Point Financial, Inc's Administrative Motion to Consider Whether Its Reply in Support of Motion for Reconsideration and Supporting Exhibit Should Be Sealed. ECF No. 362.
5. Google LLC's Administrative Motion for Further Redactions. ECF No. 365.

For the reasons that follow, the Court GRANTS the motions to seal.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong

United States District Court
Northern District of California

presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–80.

Conversely, under Federal Rule Civil Procedure 26(c), parties seeking to seal "records attached to nondispositive motions," must satisfy the "good cause" standard. *Kamakana*, 447 F.3d at 1180. "This 'good cause' standard presents a lower burden for the party wishing to seal documents than the 'compelling reasons' standard." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

United States District Court
Northern District of California

## II. DISCUSSION

### A. ECF No. 210: PFI's Administrative Motion to Consider Whether Certain Exhibits to PFI's Response in Opposition to Google's Administrative Motion to Seal Should Be Sealed

PFI has filed an administrative motion to consider whether Exhibits A and B to PFI's Response in Opposition to Google's Administrative Motions to Seal should be sealed. ECF Nos. 210, 205-1, 205-2. Google has submitted a statement in support of sealing. ECF No. 216. PFI opposes sealing these exhibits, arguing that they contain only public information that is not subject to sealing. ECF No. 210 at 2.

In its statement in support of sealing, Google requests that three categories of information be sealed. The first category concerns "a single term" relating to "Google's confidential and proprietary technology." ECF No. 216 at 3. Google argues that when this term is presented "in the context of all of the public filings in this Court, it becomes abundantly evident as to the type of chip being manufactured by Google and the express purpose of that chip." *Id.* Google argues that disclosure of this information would "reveal the confidential and proprietary technology being employed by Google . . . and weaken the competitive advantage Google maintains in the marketplace." *Id.*

The second category of requests consists of "a direct quote from Amendment 2 to the Statement of Work, which is marked confidential and maintained confidential by Google." *Id.* Google maintains that the disclosure of this information "would reveal Google's strategic decision-making with respect to the terms offered to its contracting partners" and give its "competitors and potential contracting partners an unfair leverage in competing against or negotiating with Google." *Id.*

The third category of requests comprises "the identity of one of the Vendors that manufacture, test, and assemble the chip at issue in this litigation." *Id.* Google maintains that it "has a confidential agreement with this Vendor and is obligated to maintain its identity confidential." *Id.* Google argues that revealing "this Vendor's identity would give Google's competitors and potential contracting partners an unfair leverage." *Id.*

This sealing request relates to PFI's exhibits filed alongside PFI's Response in Opposition to Google's Administrative Motions to Seal. The Court finds that Google's sealing motion is a nondispositive motion that is not "more than tangentially related to the underlying cause[s] of action." *Ctr. for Auto Safety*, 809 F.3d at 1099–101. Therefore, the Court will apply the less exacting "good cause" standard. *Id.* at 1098. In its response, Google applied the "compelling reasons" standard, and thus the Court will address that standard here. *See* ECF No. 216 at 3.

The Court finds that compelling reasons, and thus good cause, exist to seal the materials Google identifies. First, compelling reasons exist to seal trade secrets. *Kamakana*, 447 F.3d at 1179; *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-cv-02436, 2023 WL 7678270, at *2 (N.D. Cal. Nov. 13, 2023). Second, the "compelling reasons" standard is also met for confidential business information that would harm a party's competitive standing if publicly disclosed, including materials discussing "network infrastructure and security systems." *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). The Court also finds that the request is narrowly tailored. *See* Civ. L.R. 79-5(c)(3). Because Google satisfied the more stringent "compelling reasons" standard, it necessarily satisfies the lower burden imposed by the applicable "good cause" standard. *See Pintos*, 605 F.3d at 678.

The Court's ruling is summarized below:

| Public ECF No. / Sealed ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 205-1 / 210-3 | Exhibit A to Point Financial, Inc.'s Response to Google's Administrative Motion | Highlighted portions at 1:1-3; 6-8. | GRANTED as containing confidential business information, the release of which could cause Google harm. |
| ECF No. 205-2 / ECF No. 210-3 | Exhibit B to Point Financial, Inc.'s Response to Google's Administrative Motion | Highlighted portions at 1:1-3; 11-12. | GRANTED as containing confidential business information, the release of which could cause Google harm. |

**B. ECF No. 350: Google's Administrative Motion for Further Redactions**

Google also seeks to seal portions of the Transcript of Proceedings that took place before the Court on June 4, 2026. *See* ECF Nos. 350, 339.

Google separates its sealing request into three categories. The first category is comprised of "terms and phrases pertaining to Google's confidential and proprietary technology at issue in this litigation." *Id.* at 3. Google argues that the disclosure of this information would reveal its "confidential and proprietary technology" and "weaken the competitive advantage Google maintains in the marketplace." *Id.*

The second category of requests consists of "the terms of Google's confidential contracts with third parties regarding Google's plans to develop, design, and manufacture the chip detailed in the Complaint." *Id.* Google maintains that the disclosure of this information would reveal its "strategic decision-making with respect to the terms offered to its contracting partners," thereby giving "Google's competitors and potential contracting partners an unfair leverage in competing against or negotiating with Google." *Id.*

The third category of requests comprises "non-public business information pertaining to Google's confidential agreements with third parties regarding Google's plans to develop, design, and manufacture the chip." *Id.* Google argues that public disclosure of this information would also reveal its "strategic decision-making with respect to its contractual relationships," thereby giving "competitors and potential contracting partners an unfair leverage in competing against or negotiating contractual relationships with Google." *Id.* at 3–4. PFI did not file a response to this motion.



United States District Court
Northern District of California

This sealing request relates to the transcript for the hearing regarding Google's Motion for Partial Summary Judgment and PFI's Motion for Summary Judgment. *See* ECF No. 281. The Court finds that the subject of this transcript is "more than tangentially related to the underlying cause[s] of action," and will therefore apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101.

The Court finds that compelling reasons exist to seal the materials Google identifies. Courts have routinely found that "compelling reasons" exist to seal confidential business information that would harm a party's competitive standing if publicly disclosed, including materials discussing "network infrastructure and security systems." *See Music Grp. Macao*, 2015 WL 3993147, at *6; *Jam Cellars, Inc.*, 2020 WL 5576346, at *2 (finding compelling reasons for sealing "confidential business and proprietary information"); *Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x at 569 (finding sealable "business information that might harm a litigant's competitive standing"). The Court also finds that the request is narrowly tailored. *See* Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 339 | Transcript of Proceedings held on June 4, 2026 | Highlighted portions at 5:5; 8:13; 18:9, 19, 24; 19:1; 24:13; 25:3; 26:25; 27:18-20; 30:4, 6, 13; 42:20; 43:15-16; 44:17, 22; 45:1, 3-4, 7; 53:11; 59:14-15, 24; 60:4, 7-8; 66:14-16; 67:14. | GRANTED as containing confidential business information, the release of which could cause Google harm. |

**C. ECF No. 359: Google's Administrative Motion to File Under Seal**

Google also seeks to seal portions of Exhibit A to Google's Response to PFI's Motion for Reconsideration of the Unjust Enrichment Claim on Summary Judgment. *See* ECF Nos. 359, 358-1. In this motion, Google seeks to seal two of the same categories of information it seeks to seal in its Administrative Motion for Further Redactions. *See id.* at 3 (seeking to seal (1) "terms of

Google's confidential contracts with third parties regarding Google's plans to develop, design, and manufacture the chip," and (2) "non-public business information pertaining to Google's confidential agreements with third parties regarding Google's plans to develop, design, and manufacture the chip detailed in the Complaint").

Because this sealing request relates to Google's response to PFI's Motion for Reconsideration of the Unjust Enrichment Claim on Summary Judgment, which is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. Courts have routinely found that "compelling reasons" exist to seal confidential business information that would harm a party's competitive standing if publicly disclosed, including materials discussing "network infrastructure and security systems." *See Music Grp. Macao*, 2015 WL 3993147, at *6; *Jam Cellars, Inc.*, 2020 WL 5576346, at *2 (finding compelling reasons for sealing "confidential business and proprietary information"); *Qualcomm Inc.*, 2019 WL 95922, at *3 (finding compelling reasons for "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x at 569 (finding sealable "business information that might harm a litigant's competitive standing"). The Court also finds that the request is narrowly tailored. *See* Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Public ECF No. / Sealed ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 358-1 / 359-3 | Exhibit A to Google's Response to PFI's Motion for Reconsideration of the Unjust Enrichment Claim on Summary Judgment | Highlighted portions at 8:7-8, 16-18, 20. | GRANTED as containing confidential business information, the release of which could cause Google harm. |

**D. ECF No. 362: PFI's Administrative Motion to Consider Whether Its Reply in Support of Motion for Reconsideration and Supporting Exhibit Should Be Sealed**

PFI has filed an administrative motion to consider whether its Reply in Support of Motion for Reconsideration and Exhibit A to that reply should be sealed. *See* ECF Nos. 361, 361-1, 362.

United States District Court
Northern District of California

Google has submitted a statement in support of sealing. ECF No. 368. While PFI "contends none of these materials warrant sealing," ECF No. 362 at 2, PFI does not oppose Google's request.

In its statement in support of sealing, Google seeks to seal three categories of information, two of which are the same it seeks to seal in its Administrative Motion for Further Redactions. *See* ECF No. 368 at 3 (seeking to seal (1) "terms and phrases pertaining to Google's confidential and proprietary technology at issue in this litigation," and (2) "non-public business information pertaining to Google's confidential agreements with third parties regarding Google's plans to develop, design, and manufacture the chip detailed in the Complaint").

The final category of information Google seeks to seal is "direct quotes from and close restatements of the non-standard provisions of Google's confidential contracts with third parties regarding Google's plans to develop, design, and manufacture the chip." *Id.* at 3. Google argues that disclosing this information will reveal "Google's strategic decision-making" and give "competitors and potential contracting partners an unfair leverage in competing against or negotiating with Google." *Id.*

Because this sealing request relates to PFI's Reply in Support of Motion for Reconsideration and its supporting exhibit, which is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. Courts have routinely found that "compelling reasons" exist to seal confidential business information that would harm a party's competitive standing if publicly disclosed, including materials discussing "network infrastructure and security systems." *See Music Grp. Macao*, 2015 WL 3993147, at *6; *Jam Cellars, Inc.*, 2020 WL 5576346, at *2 (finding compelling reasons for sealing "confidential business and proprietary information"); *Qualcomm Inc.*, 2019 WL 95922, at *3 (finding compelling reasons for "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x at 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). The Court also finds that the request is narrowly tailored. *See* Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Public ECF No. / Sealed ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 361/ 362-3 | PFI's Reply in Support of Motion for Reconsideration | Highlighted portions at 3:11-12, 14. | GRANTED as containing confidential business information, the release of which could cause Google harm. |
| ECF No. 361-1/ 362-4 | Exhibit A to PFI's Reply in Support of Motion for Reconsideration | Highlighted portions at 56:1-7; 12-14. | GRANTED as containing confidential business information, the release of which could cause Google harm. |

**E. ECF No. 365: Google's Administrative Motion for Further Redactions**

Google also seeks to seal portions of the Transcript of Proceedings that took place before the Court on August 20, 2026. *See* ECF Nos. 365, 347.

Google separates its sealing requests into two categories. The first category "is a single term" relating to "Google's confidential and proprietary technology." ECF No. 365 at 3. Google maintains that if this information is publicly disclosed, it would "weaken the competitive advantage Google maintains in the marketplace." *Id.* at 3.

The second category of requests consists of "the terms of Google's confidential contracts with third parties regarding Google's plans to develop, design, and manufacture the chip detailed in the Complaint." *Id.* Google maintains that the disclosure of this information would reveal its "strategic decision-making with respect to the terms offered to its contracting partners," thereby giving "Google's competitors and potential contracting partners an unfair leverage in competing against or negotiating with Google." *Id.*

This sealing request relates to the transcript for the hearing on PFI's Motion to Modify the Preliminary Injunction. *See* ECF No. 345. The Court finds that the subject of this transcript is "more than tangentially related to the underlying cause[s] of action," and will therefore apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101.

The Court finds that compelling reasons exist to seal the materials Google identifies. Courts have routinely found that "compelling reasons" exist to seal confidential business information that would harm a party's competitive standing if publicly disclosed, including materials discussing "network infrastructure and security systems." *See Music Grp. Macao*, 2015



United States District Court
Northern District of California

WL 3993147, at *6; *Jam Cellars, Inc.*, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Qualcomm Inc*., 2019 WL 95922, at *3 (finding compelling reasons for "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x at 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). The Court also finds that the request is narrowly tailored. *See* Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| Public ECF No. / Sealed ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 347 / 365-3 | Transcript of Proceedings held on August 20, 2026 | Highlighted portions at 14:15; 16:25; 24:14-15; 25:10; 26:17 | GRANTED as containing confidential business information, the release of which could cause Google harm. |

## III. DISCUSSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Point Financial, Inc's Administrative Motion to Consider Whether Certain Exhibits to Point Financial, Inc.'s Response in Opposition to Google, LLC's Administrative Motion to Seal Should Be Sealed, ECF No. 210, is GRANTED to the extent Google requests redactions. PFI SHALL refile a complete public version of its exhibits on or before **October 20, 2026**.

(2) Google LLC's Administrative Motion for Further Redactions, ECF No. 350, is GRANTED.

(3) Google LLC'S Administrative Motion to File Under Seal, ECF No. 359, is GRANTED.

(4) Point Financial, Inc's Administrative Motion to Consider Whether Its Reply in Support of Motion for Reconsideration and Supporting Exhibit Should Be Sealed, ECF No. 362, is GRANTED to the extent Google requests redactions. PFI SHALL refile a complete public version of its reply brief and accompanying exhibits on or before **October 20, 2026.**



United States District Court
Northern District of California

(5) Google LLC’s Administrative Motion for Further Redactions, ECF No. 365, is GRANTED.

**IT IS SO ORDERED.**

Dated: October 7, 2026

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California