United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

GOOGLE LLC,

Plaintiff,

v.

POINT FINANCIAL, INC.,

Defendant.

Case No. 25-cv-04033-BLF

**ORDER GRANTING GOOGLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

[Re: ECF No. 375]

Before the Court is Google LLC's ("Google") Administrative Motion to File Under Seal. ECF No. 375. Point Financial, Inc. ("PFI") has not filed a response to this motion. For the reasons that follow, the Court GRANTS Google's motion to file under seal.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–80.

Conversely, under Federal Rule Civil Procedure 26(c), parties seeking to seal "records attached to nondispositive motions," must satisfy the "good cause" standard. *Kamakana*, 447 F.3d

United States District Court
Northern District of California

at 1180. "This 'good cause' standard presents a lower burden for the party wishing to seal documents than the 'compelling reasons' standard." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

## II. DISCUSSION

The instant motion seeks to seal two categories of information from the Stipulated Permanent Injunction. *See* ECF Nos. 374, 375, 378. The first category concerns "terms and phrases pertaining to Google's confidential and proprietary technology at issue in this litigation." ECF No. 375 at 2. Google argues that the disclosure of this information would reveal its "confidential and proprietary technology" and "weaken the competitive advantage Google maintains in the marketplace." *Id.*

The second category concerns "the identities of the Vendors that manufacture, test, and assemble the chip at issue in this litigation." *Id.* Google argues that public disclosure of this information would reveal its "strategic decision-making with respect to its contractual relationships," thereby giving "competitors and potential contracting partners an unfair leverage in competing against or negotiating contractual relationships with Google." *Id.*

This sealing request relates to the Parties' Stipulated Permanent Injunction, which is "more than tangentially related to the underlying cause[s] of action." *Ctr. for Auto Safety*, 809 F.3d at 1099. The Court will therefore apply the "compelling reasons" standard. *Id.* at 1102.

The Court finds that compelling reasons exist to seal the materials Google identifies. Courts have routinely found that "compelling reasons" exist to seal confidential business

information that would harm a party's competitive standing if publicly disclosed, including materials discussing "network infrastructure and security systems." *See Music Grp. Macao*, 2015 WL 3993147, at *6; *Jam Cellars, Inc.*, 2020 WL 5576346, at *2 (finding compelling reasons for sealing "confidential business and proprietary information"); *Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x at 569 (finding sealable "business information that might harm a litigant's competitive standing"). The Court also finds that the request is narrowly tailored. *See* Civ. L.R. 79-5(c)(3).

The Court's ruling is summarized below:

| ECF Nos. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF Nos. 374, 378 | Stipulated Permanent Injunction | Highlighted portions at 2:12, 16-17, 21-22, 25-26 | GRANTED as containing confidential business information, the release of which could cause Google harm. |

**III. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Google LLC's Administrative Motion to File Under Seal, ECF No. 375, is GRANTED.

**IT IS SO ORDERED.**

Dated: October 26, 2026

BETH LABSON FREEMAN
United States District Judge